**Opinion issued August 4, 2016**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-13-00362-CV**

————————————

**PHILLIP MANDERSCHEID, Appellant**

**V.**

**LAZ PARKING OF TEXAS, LLC, AND BOOT MAN, INC.
D/B/A PREMIER PARKING ENFORCEMENT, Appellees**

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Cause No. 1019656**

---

**OPINION ON REHEARING**

Appellant Phillip Manderscheid has filed a motion for rehearing and a motion for en banc reconsideration of our October 15, 2015 opinion and judgment. We grant the motion for rehearing, withdraw our opinion and judgment of October

15, 2015, and issue this opinion and a new judgment in their stead. Accordingly, we dismiss the motion for en banc reconsideration as moot. *See, e.g.*, *Brookshire Bros. v. Smith*, 176 S.W.3d 30, 41 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

After a justice court determined that there was probable cause to boot Manderscheid's car, Manderscheid appealed to the county court at law, which dismissed his case for want of prosecution after Manderscheid refused to proceed to a non-jury trial. Manderscheid raises seven issues, including complaints about the county court at law's failure to permit Manderscheid to conduct the boot-hearing appeal before a jury.[1] Appellee Boot Man, Inc. contends that we should dismiss this appeal for lack of subject matter jurisdiction because Manderscheid did not timely file his request for a boot hearing under section 2308.456(a) of the Texas Occupations Code, or, in the alternative, that Manderscheid was not entitled to a jury.[2] We hold that we have jurisdiction to consider Manderscheid's appeal. Because Manderscheid was entitled to a jury trial in his boot-hearing appeal in the county court at law, we reverse and remand for further proceedings.

---

[1]     Because Manderscheid is proceeding pro se, we liberally construe his brief.

[2]     LAZ Parking of Texas, LLC did not appear at the hearing and did not file an appellate brief.

## Background

Manderscheid parked in a private lot owned by LAZ Parking in downtown Houston without paying the mandatory parking fee. According to Manderscheid, the parking signs indicating the cost of parking were difficult to read and improperly maintained, and he assumed parking was free. Boot Man, Inc. placed a boot on Manderscheid's car along with a sticker with its contact information on the car's driver-side window. When Manderscheid returned to his car, he called Boot Man to remove the boot.

Manderscheid paid Boot Man $113.25 to remove the boot, and the Boot Man employee informed Manderscheid that he could request a hearing to protest the booting. He also gave Manderscheid a receipt detailing the necessary steps to file a hearing request. Among other things, the notice set forth the justice court's contact information and stated that Manderscheid must deliver his hearing request to the justice court before the 14th day after the date his car was booted, excluding weekends and holidays. Manderscheid requested a hearing, but not before the 14-day deadline.

The justice court held a hearing nevertheless. It found that probable cause existed to boot Manderscheid's car, and it denied his request for reimbursement of the $113.25 boot removal fee. Manderscheid appealed to the county court at law. On December 4, 2012, the county court at law notified the parties that a bench trial

3

was set for January 14, 2013. On December 11, 2012, Manderscheid filed a jury demand and paid the jury fee.

On the day of trial, the county court at law denied Manderscheid's request for a jury on the ground that he was not entitled to a jury trial in an appeal from a boot hearing. Manderscheid refused to put on his case without a jury and, after warning Manderscheid that his failure to proceed would result in dismissal, the county court at law dismissed the cause for want of prosecution. Manderscheid moved for a new trial on the ground that he was entitled to a jury trial. The county court at law denied his motion, and Manderscheid appealed.

## Jurisdiction

Before turning to the merits, we address Boot Man's assertion that Manderscheid's failure to timely request a hearing in justice court deprives us of jurisdiction.

### A. Standard of Review

Subject matter jurisdiction "is essential to the authority of a court to decide a case" and therefore cannot be waived and may be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993). We review the existence of subject matter jurisdiction de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

4

**B. Applicable Law**

The Texas Occupations Code establishes a procedure by which one may challenge the booting of his vehicle. It states: "The owner or operator of a vehicle that has been . . . booted without the consent of the owner or operator of the vehicle is entitled to a hearing on whether probable cause existed for the . . . booting." TEX. OCC. CODE ANN. § 2308.452 (West 2012). Subsection 2308.456(a) establishes a timeframe in which to request such a hearing: the party challenging the booting "must deliver a written request for the hearing to the court before the 14th day after the date the vehicle was . . . booted, excluding Saturdays, Sundays, and legal holidays." *Id.* § 2308.456(a) (West 2012). The request must be delivered to the justice court having jurisdiction over the county in which the parking facility is located, and "a person who fails to deliver a request in accordance with Subsection (a) waives the right to a hearing." *Id.* §§ 2308.453 (West Supp. 2014), 2308.456(d) (West 2012).

**C. Analysis**

Boot Man contends that subsection 2308.456(a), which establishes a 14-day deadline to request a boot hearing, is jurisdictional. It argues that the justice court lacked subject matter jurisdiction to conduct the boot hearing, because Manderscheid failed to request a hearing within the 14-day deadline.

5

Manderscheid's car was booted on June 26, 2012. Excluding Saturdays, Sundays, and the July 4th holiday, Manderscheid had until July 17, 2012 to request a hearing. *See id.* Manderscheid filed his request on July 20th, which was 3 days late, and the justice court conducted the hearing despite Manderscheid's untimely request.[3] *See id.* The question we must decide is whether Manderscheid's failure to meet section 2308.456's 14-day deadline deprived the justice court of jurisdiction to conduct the boot hearing.

We begin with the presumption that the Legislature did not intend to make a statute jurisdictional and are mindful that this presumption may only be overcome with clear legislative intent. *See City of DeSoto v. White*, 288 S.W.3d 389, 393–95 (Tex. 2009) ("[W]e have been reluctant to conclude that a provision is jurisdictional, absent clear legislative intent to that effect."). Statutory interpretation principles guide our evaluation of whether a statute's requirement is jurisdictional. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 392 (Tex. 2014) (citing *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009)).

---

[3] There is some evidence in the record that Manderscheid initially mailed his request for a hearing via the United States Postal Service on July 3, 2012. However, the envelope was addressed to the wrong street address and was never received by the justice court. Instead, the envelope was returned to Manderscheid. Accordingly, the mailbox rule does not apply. *Cf. Desai v. Chambers Cty. Appraisal Dist.*, 376 S.W.3d 295, 300 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding envelope was properly addressed under mailbox rule where envelope was delivered to correct location despite incorrect address).

6

"We must determine whether the Legislature intended a jurisdictional bar." *Crosstex Energy*, 430 S.W.3d at 392 (citing *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004) ("Since the Legislature is bound to know the consequences of making a requirement jurisdictional, one must ask, in trying to determine legislative intent, whether the Legislature intended those consequences.")). We may consider the following relevant factors in determining whether a statutory requirement is jurisdictional: (1) the plain meaning of the statute; (2) the presence or absence of specific consequences for noncompliance; (3) the purpose of the statute; and (4) the consequences that result from each possible interpretation. *Crosstex Energy*, 430 S.W.3d at 392 (first citing *White*, 288 S.W.3d at 395; then citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 495 (Tex. 2001)).

We address the first two factors—the statute's plain meaning and the presence or absence of specific consequences for noncompliance—together. Section 2308.456 creates a mechanism by which a person whose car has been booted may request a hearing to challenge the propriety of the booting or the charges imposed or collected in connection with the removal of the boot. TEX. OCC. CODE ANN. § 2308.456(a). The words of the statute indicate that such protests should be lodged and adjudicated quickly. *See* TEX. OCC. CODE ANN. § 2308.456(a) (imposing 14-day deadline to request hearing); *id.* § 2308.458(a)

7

(West 2012) (imposing 21-day deadline for justice court to hold hearing after receiving hearing request). But the statute does not expressly state that a failure to meet either deadline deprives the justice court of jurisdiction to conduct the hearing. Rather, subsection 2308.456(d) states a different consequence for the failure to file a hearing request within 14 days: a "person who fails to deliver a request in accordance with Subsection (a) *waives* the right to a hearing." TEX. OCC. CODE ANN. § 2308.456(d) (emphasis added). The statute does not include any consequence for failure to hold a hearing within 21 days.

Texas courts have concluded that similar statutory provisions are not jurisdictional because they do not expressly state that failure to comply with a deadline deprives a court of jurisdiction. In *Texas Department of Public Safety v. Shaikh*, 445 S.W.3d 183 (Tex. App.—Houston [1st Dist.] 2013, no pet.), this Court held that Texas Government Code subsection 411.180(b) is not jurisdictional even though it states that a hearing shall not be held more than 60 days after the date of the request. *Id.* at 190. The *Shaikh* court reasoned that this was so because "the statute does not contain any explicit language indicating that failure to comply with the timing requirement deprives either the justice court or the county court at law of subject matter jurisdiction." *Id.* at 188. Similarly, in *Texas Department of Public Safety v. Guerra*, 970 S.W.2d 645 (Tex. App.—Austin 1998, pet. denied), the Austin Court of Appeals held that the Department of Public Safety is not

8

precluded from holding a license suspension hearing even if it fails to comply with the Transportation Code's requirement that the hearing "shall be held" within 40 days after the driver receives notice of the suspension. *Id.* at 648–50. The *Guerra* court found significant the Legislature's failure "to attach a consequence to a situation where a hearing is held outside the 40 days of the notice of [driver's license] suspension" and noted that the Legislature "could have easily provided consequences for noncompliance." *Id.* at 649; *see also Crosstex Energy*, 430 S.W.3d at 392–93 ("Although the plain meaning might suggest a jurisdictional bar, it does not meet the requisite level of clarity to establish the statute as jurisdictional."); *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009) (holding statute was not jurisdictional despite statute's language that provided for a "one-year dismissal date" and that a party may waive its right to dismissal if party "fails to make a timely motion to dismiss the suit" because nothing indicates that provisions are jurisdictional).

The provisions of the Occupations Code at issue in this case are analogous. The statute reflects that boot hearings should be requested within 14 days, and it guarantees the right to such a hearing only if a person requests it within 14 days. But the Legislature's failure to expressly state that failing to meet the 14-day deadline results in a loss of jurisdiction as opposed to a waiver points toward the conclusion that section 2308.456(a) is not jurisdictional.

Under the third factor, we consider the purpose of the statute. As noted, the statute establishes a quick process by which to adjudicate a protest by a party whose car was booted, either for lack of probable cause or for the imposition or collection of excessive charges in connection with the removal of the boot. *See* TEX. OCC. CODE ANN. § 2308.452 (owner of booted vehicle is entitled to hearing on whether probable cause existed for booting); *id.* § 2308.458(c-1) (West 2012) (issues in hearing are whether probable cause existed for booting and whether boot removal charge was greater than amount authorized by political subdivision under section 2308.2085); *id.* § 2308.458(a) ("A hearing under this chapter shall be held before the 21st calendar day after the date the court receives the request for the hearing). The statute also deters booting without probable cause and the imposition of excessive charges in connection with boot removal. *See id.* § 2308.458(e)(1) (West 2012) (justice court may award court costs and attorney's fees to the prevailing party). In *Shaikh*, a panel of this court decided that a statute with an analogous purpose—to create a quick process by which to adjudicate concealed handgun license suspensions—was not jurisdictional. *See* 445 S.W.3d at 190 (holding statute's 60-day timing provision was not jurisdictional where purpose of hearing is to provide opportunity for licensee to challenge revocation and justice court to immediately return concealed handgun license to licensee if it finds revocation not supported by preponderance of evidence).

10

Under the fourth factor, we consider the implication of holding that the statute is jurisdictional. If it were, then a justice court's determination regarding probable cause or propriety of charges for the booting would be vulnerable to a collateral attack long after a justice court adjudicated any case in which the car owner failed to timely request the hearing. *See Crosstex Energy*, 430 S.W.3d at 392; *In re Brehmer*, 428 S.W.3d at 923–24 (fourth factor suggests statutes not jurisdictional because "[i]f we held that these deadlines were jurisdictional, lack of jurisdiction would leave a decision vulnerable to collateral attacks well after completion of proceedings . . . ."); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (recognizing that deeming provision jurisdictional "opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment"). Accordingly, we conclude that the fourth factor weighs against holding that subsection 2308.456(a) is jurisdictional.

Having considered the four *Crosstex* factors, we conclude that the 14-day deadline in subsection 2308.456(a) is not jurisdictional. *See Crosstex*, 430 S.W.3d at 393; *Shaikh*, 445 S.W.3d at 188–91; *see also Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008) (holding that we generally construe statutory words according to their plain and common meaning unless such construction leads to an absurd result). Accordingly, we hold that Manderscheid's failure to timely request a hearing under

11

subsection 2308.456(a) of the Occupations Code did not deprive the justice court of jurisdiction to conduct the boot hearing, and that we therefore have jurisdiction to consider the merits of Manderscheid's appeal.

**Jury Trial and Dismissal for Want of Prosecution**

In his second and third issues, Manderscheid complains that he, having timely requested a jury and paid a jury fee, was entitled to a jury trial in his boot-hearing appeal in the county court at law. He argues that the county court at law improperly refused his demand for a jury and dismissed his case for want of prosecution.

**A.     Standard of Review**

We typically review a trial court's denial of a jury demand for an abuse of discretion. *See Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *Emesowum v. Milam St. Auto Storage, Inc.*, No. 01-14-00472-CV, 2015 WL 3799371, at *3 (Tex. App.—Houston [1st Dist.] June 18, 2015, no pet.) (mem. op.). But, here, the county court at law denied Manderscheid's jury demand on the basis that no statute or rule afforded him the right to a jury trial. Because the county court at law's decision was based on statutory and rule interpretation, the abuse of discretion standard does not apply.

The construction of a statute is a question of law we review de novo. *See First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008). When

interpreting a statute, we look first and foremost to the plain meaning of the words used. *Id.* If it is clear and unambiguous, we must apply its words according to their common meaning in a way that gives effect to every word, clause, and sentence. *Id.*

The same rules apply when we construe rules of civil procedure. *Bradt v. Sebek*, 14 S.W.3d 756, 762 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). If a rule of procedure is clear, unambiguous, and specific, we construe its language according to its literal meaning. *Id.* Rule interpretation, like statutory interpretation, is thus a question of law over which the trial court has no discretion, and which we review de novo. *Id.*

## B. Analysis

The Texas Occupations Code sets forth a process by which a person whose vehicle has been booted may obtain a hearing on whether the booting was supported by probable cause. *See* TEX. OCC. CODE ANN. § 2308.452. Boot hearings are heard in any justice court in the county in which the parking facility is located. *Id.* § 2308.453.

The Occupations Code sets forth some of the hearing's parameters. For example, Section 2308.458 requires the justice court to notify the person requesting the hearing, the parking facility, and the booting company of the date, time and place of the hearing in accordance with Texas Rule of Civil Procedure

13

21a. *Id*. § 2308.458(b-2). It provides that the burden of proof at the hearing is on the person who requested the hearing, and that hearsay evidence is admissible if it is considered otherwise reliable by the justice of the peace. *Id*. § 2308.458(b-1). It also sets forth remedies available in a boot hearing, which include court costs, attorney's fees for a prevailing party, and reimbursement of fees paid for boot removal, among others. *Id*. § 2308.458(e). Finally, as Boot Man correctly notes, the relevant provisions of the Occupations Code make no mention of a right to a jury at the boot hearing in the justice court; indeed, Section 2308.458(d) requires *the justice court* to enter findings of fact and a conclusion of law. *Id.* § 2308.458(d).

Section 2308.459 of the Occupations Code also provides for an appeal from a justice court's decision at a boot hearing, but it does not itself state how such an appeal shall be conducted. Rather, it states: "[a]n appeal from a hearing under this chapter *is governed by the rules of procedure applicable to civil cases in justice court,* except that no appeal bond may be required by the court." TEX. OCC. CODE ANN. § 2308.459 (West 2012) (emphasis added). The referenced "rules of procedure applicable to civil cases in justice court" in effect at the time the Legislature enacted the relevant provisions of the Occupations Code—and at the time of Manderscheid's booting, boot hearing and appeal—were former Rules 523

14

to 591 of the Texas Rules of Civil Procedure.[4]  *See* Supreme Court Order of April 15, 2013, Misc. Docket No. 13-9049, effective August 31, 2013 (repealing Rules 523 to 591, enacting Rules 500 to 510).  One of those rules, former Texas Rule of Civil Procedure 544, prescribed that "either party shall be entitled to a trial by jury" provided the demand for a jury is timely made and the jury fee paid.[5]  *See* TEX. R. CIV. P. 544, *repealed by* Supreme Court Order of April 15, 2013, Misc. Docket No. 13-9049, effective August 31, 2013.

Thus, although the Occupations Code itself does not expressly provide that a party to an appeal from a boot hearing is entitled to a jury trial, it does direct courts to conduct *appeals* from boot hearings according to the rules of procedure applicable to civil cases in justice court.  One of those rules, in turn, expressly states that either party "shall be entitled to a trial by jury" provided one is demanded and jury fee paid timely.  *See* TEX. OCC. CODE ANN. § 2308.459; TEX. R. CIV. P. 544, *repealed by* Supreme Court Order of April 15, 2013, Misc. Docket No. 13-9049, effective August 31, 2013.  We must presume the Legislature

---

[4]  The Rules of Civil Procedure applicable to justice courts were revised and renumbered effective August 31, 2013.  *See* Supreme Court Order of April 15, 2013, Misc. Docket No. 13-9049 (providing that revised rules for justice court cases govern cases filed on or after August 31, 2013 or pending on August 31, 2013); *see also* TEX. R. CIV. P. 500–10 (Part V of the current Rules entitled "Rules of Practice in Justice Courts").  There are no substantive differences between the previous version of the rules applicable to justice courts and the current version with respect to any issue relevant to this appeal.

[5]  The current Texas Rule of Civil Procedure 504 is similar.  It states:  "Any party is entitled to a trial by jury."

enacted the Occupations Code with complete knowledge of the existing law and with reference to it—i.e, aware that Section 2308.459, by incorporating former Rule 544, was creating a right to a jury trial in an appeal from a boot hearing. *See In re Allen*, 366 S.W.3d 696 (Tex. 2012) (statute presumed to have been enacted by legislature with complete knowledge of the existing law and with reference to it); *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) (same).

It is undisputed that, on appeal in the county court at law, Manderscheid timely requested a jury and paid the jury fee. The county court at law nevertheless told Manderscheid that he was not entitled to a jury trial and dismissed his case when he would not proceed with trial in the absence of a jury. Because former Texas Rule of Civil Procedure 544, which was incorporated by Occupations Code Section 2308.459, afforded Manderscheid the right to a jury trial in his appeal from the boot hearing, the county court at law erred in concluding Manderscheid was not entitled to a jury in his de novo trial on appeal. *See Bradt*, 14 S.W.3d 756 (if a rule of procedure is clear, unambiguous, and specific, we construe its language according to its literal meaning); *Vardilos v. Vardilos*, 219 S.W.3d 920, 923 (Tex. App.—Dallas 2007, no pet.) (party may preserve error regarding denial of properly-invoked right to jury trial by standing on right); *cf. Emesowum*, 2015 WL 3799371, at *3 (assuming that appellant had right to jury trial in boot-hearing

16

appeal to county court and analyzing whether jury demand in county court at law was timely).

We sustain Manderscheid's second and third issues.

Because we are reversing the judgment and remanding for further proceedings consistent with this opinion, we do not reach Manderscheid's first, fourth, fifth, sixth, and seventh issues, which would afford Manderscheid no greater relief.[6]

## Conclusion

We reverse the judgment of the county court at law and remand the case to the county court at law for further proceedings consistent with this opinion. We dismiss all pending motions as moot.

Rebeca Huddle
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

---

[6] In his first issue, Manderscheid contends that the county court at law erred by denying him a jury trial because the county court held the trial more than 21 days after Manderscheid appealed. Manderscheid's fourth, fifth, sixth, and seventh issues pertain to alleged inaccuracies in the reporter's record and the manner in which the county court at law conducted a hearing on our order of abatement to determine the accuracy of the reporter's record.