**Reversed and Remanded and Memorandum Opinion filed February 26, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00450-CV

---

### FIDELIS JOHNSON BADAIKI, Appellant

### V.

### BRYAN MILLER D/B/A CLASSIC TOWING, PINE FOREST PARK PLACE, AND AMERICAN EAGLE AUTO STORAGE, Appellees

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1092824**

---

### M E M O R A N D U M   O P I N I O N

Fidelis Johnson Badaiki appeals the county civil court at law's dismissal for want of jurisdiction of his appeal from a justice court tow hearing. The county civil court at law held in its order of dismissal that because Badaiki claimed he was authorized to park his vehicle at the location from where it was towed, the court was without jurisdiction to hear an appeal of the tow hearing under Texas Occupations Code chapter 2308, subchapter J. Finding that the county civil court at

law in fact had jurisdiction over the appeal, we reverse and remand for further proceedings.

## *Background*

On February 10, 2017, Bryan Miller d/b/a Classic Towing towed Badaiki's car from the parking lot of his apartment complex, Pine Forest Park Place, to American Eagle Auto Storage. Badaiki subsequently paid towing and storage fees of $294.16 to recover the car. Badaiki then requested a tow hearing in justice court. In his request, Badaiki disputed that his car was properly towed because (1) he was not required to have a permit under his lease agreement, (2) he in fact displayed a valid permit on his car, and (3) he did not receive advance notice of the tow. Badaiki's request included the identities and contact information for the person or facility authorizing the removal (the apartment complex) and the towing company.[1]

The justice court held a hearing, and the findings signed after the hearing state that only Badaiki and the towing company appeared. Additionally in the findings, the justice court determined that there was probable cause to authorize the removal of the vehicle and that appellant's car was "parked without [a] permit." Accordingly, the justice court concluded that Badaiki was responsible for all costs of the removal and storage of the vehicle.

Badaiki then filed a de novo appeal in county civil court at law. During the hearing in which Badaiki appeared pro se, Badaiki informed the judge that he was authorized to park in the parking lot under an addendum to his lease agreement with the apartment complex, which did not require him to display a permit. He further testified that he had a valid permit sticker in any event and it was displayed

---

[1] This information is required to be included in the request for a hearing. Tex. Occ. Code § 2308-456(b)(4), (6). The justice court must then notify the parties of the date, time, and place of the hearing in accordance with Texas Rule of Civil Procedure 21a. *Id*. § 2308.458.

2

on his windshield. And he complained that advance notice was not provided that the car would be towed. In the county court at law, as in the justice court, the towing company appeared by counsel. Although the apartment complex was apparently not represented by counsel at the hearing, the apartment manager was present and sworn as a witness but did not testify.

Counsel for the towing company moved to dismiss Badaiki's appeal on the ground that the county civil court at law lacked jurisdiction. Counsel argued that Badaiki was asserting a breach of contract cause of action against the apartment complex that authorized the tow, and the only issue properly before the county civil court at law was whether there was probable cause to tow. Counsel further insisted that one of the elements Badaiki was required to prove in a tow hearing was that his vehicle was an "unauthorized vehicle."[2] Because Badaiki told the court he was authorized to park in the lot, counsel asserted that Badaiki could not meet his burden of proving his vehicle was unauthorized. Badaiki insisted that he was not asserting a breach of contract cause of action but wished to proceed with the appeal of the justice court tow hearing.

The county civil court appeared to accept counsel's argument, and as mentioned above, the court held that because Badaiki claimed he was authorized to park in the lot, the court was without jurisdiction to hear the appeal of the tow hearing. This appeal followed. As in the court below, Badaiki represents himself on appeal. There has been no appellee's brief filed.

### *Jurisdiction*

"[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). It is

---

[2] "'Unauthorized vehicle' means a vehicle parked, stored, or located on a parking facility without the consent of the parking facility owner." Tex. Occ. Code § 2308.002(13).

not presumed and may not be waived, and its absence may be raised at any time. *See Tex. Ass'n Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993). Lack of subject-matter jurisdiction generally bars a court from doing anything other than dismissing the suit. *See Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013). An issue implicating a court's subject-matter jurisdiction presents a question of law that we review de novo. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam); *see also Pichini v. Fed. Nat'l Mortg. Ass'n*, No. 01-17-00519-CV, 2018 WL 2246269, at *1 (Tex. App.—Houston [1st Dist.] May 17, 2018, no pet.) (explaining that a county court's dismissal of an appeal from justice court for want of jurisdiction is reviewed de novo). Likewise, we review issues of statutory interpretation de novo. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam).

### *The Law on Tow Hearings*

Under chapter 2308, subchapter J of the Texas Towing and Booting Act, entitled "Rights of Owners and Operators of Stored or Booted Vehicles," a party is entitled to a hearing to challenge the towing of a vehicle as long as the party makes a proper request for such a hearing. Tex. Occ. Code § 2308.451–.460; *see also H & H Wrecker v. Koctar*, No. 14-15-00311-CV, 2016 WL 3634258, at *1 (Tex. App.—Houston [14th Dist.] July 7, 2016, no pet.) (mem. op.). Section 2308.452 specifically states: "The owner or operator of a vehicle that has been removed and placed in a vehicle storage facility . . . without the consent of the owner or operator of the vehicle is entitled to a hearing on whether probable cause existed for the removal and placement . . . ." Tex. Occ. Code § 2308.452. The hearing takes place in a justice court having jurisdiction over the precinct from which the vehicle was towed. *Id*. § 2308.453(a); *H & H Wrecker*, 2016 WL 3634258, at *1. That court is required to notify the person who requested the hearing, the parking facility owner

4

or law enforcement agency that authorized the tow, the towing company, and the vehicle storage facility of the date, time, and place of the hearing. Tex. Occ. Code § 2308.458(b).

The issues to be addressed in the hearing are whether probable cause existed for the removal of the vehicle and whether the towing charge imposed was statutorily authorized. *Id*. § 2308.458(c); *H & H Wrecker*, 2016 WL 3634258, at *1. If the court finds that probable cause existed for the removal and storage of the vehicle, the person who requested the hearing is responsible for the costs of removal and storage. Tex. Occ. Code § 2308.451(a). However, if the court does not find that probable cause existed, the towing company, vehicle storage facility, or parking facility owner or law enforcement agency that authorized the removal must pay the costs of removal and storage or reimburse the vehicle owner if the owner already paid those costs. *Id*. § 2308.451(b). At the conclusion of the hearing, the court may award: (1) court costs and attorney's fees to the prevailing party, (2) the cost of any photographs submitted by a vehicle owner or operator who is a prevailing party, (3) the amount that fees exceeded the permitted amount, and (4) reimbursement of fees for towing and storage. *Id*. § 2308.458(e).

Section 2308.459 of the code provides for an appeal from the justice court's decision. *Id*. § 2308.459; *Manderscheid v. LAZ Parking of Tex., LLC*, 506 S.W.3d 521, 527 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Appeals from justice courts are tried de novo in county court. Tex. R. Civ. P. 506.3; *Allen v. Goodwill Indus. of Houston, Inc.*, No. 14-17-00738-CV, 2018 WL 5056493, at *3 (Tex. App.—Houston [14th Dist.] Oct. 18, 2018, no pet.) (mem. op.).

### *Analysis*

As a person whose vehicle was towed without his consent, Badaiki was entitled to a tow hearing pursuant to the plain and express language of section

5

2308.452 of the Towing and Booting Act. Tex. Occ. Code § 2308.452; *see also H & H Wrecker*, 2016 WL 3634258, at *1.[3] As stated above, the issues to be addressed in a tow hearing are whether probable cause existed for the removal of the vehicle and whether the towing charge imposed was statutorily authorized. Tex. Occ. Code § 2308.458(c); *H & H Wrecker*, 2016 WL 3634258, at *1.

In his request for a tow hearing, Badaiki not only disputed that there was probable cause for the tow—on the grounds that he was not required to have a permit under his lease agreement, did in fact have a permit anyway, and was not given advance notice of the tow—but also complained that the apartment complex breached his lease agreement. To the extent Badaiki intended to raise breach of contract as a separate cause of action in addition to arguing that there was no probable cause for the tow, the claim was not a proper subject for the tow hearing. *See Black Bull Towing, LLC v. Ybarra*, No. 02-14-00227-CV, 2015 WL 3637933, at *2–3 (Tex. App.—Fort Worth June 11, 2015, pet. denied) (mem. op.).[4] However, nothing prevented Badaiki from arguing, as he did, that no probable cause existed to have his vehicle towed from the apartment complex's parking lot because doing so violated the terms of his lease agreement.

The justice court, of course, did not make any findings or rulings on a breach

---

[3] Badaiki's car was towed on February 10, 2017, and he timely filed his request for a tow hearing on February 24, 2017. *See* Tex. Occ. Code § 2308.456.

[4] In *Black Bull Towing*, the Fort Worth Court of Appeals explained that a tow hearing under section 2308.452 is limited to the issues listed in section 2308.458(c). 2015 WL 3637933, at *2–3. The point of a tow hearing is to provide a quick remedy for someone who contends that probable cause was lacking for the towing of their vehicle or excessive fees were charged. *See Manderscheid*, 506 S.W.3d at 526-27. Consequently, a breach of contract cause of action, as an independent claim for damages, is not a proper subject for a tow hearing. *See Black Bull Towing*, 2015 WL 3637933, at *2–3. As our record reveals, Badaiki was not seeking contract damages in the traditional sense; he was asserting that the apartment complex breached the lease agreement by authorizing his vehicle to be towed. Regardless, Badaiki's raising the issue in this context did not somehow defeat the justice court's jurisdiction over the tow hearing. *See H & H Wrecker*, 2016 WL 3634258, at *1.

of contract cause of action but merely found that Badaiki parked without a permit and, thus, there was probable cause for the tow. Badaiki then appealed those rulings to the county civil court at law. During the hearing on the appeal, Badaiki expressly stated that he was not asserting a breach of contract cause of action, as counsel for the towing company suggested, but wished to proceed only with the appeal of the justice court tow hearing.

Badaiki was entitled to a tow hearing. *See* Tex. Occ. Code § 2308.452; *H & H Wrecker*, 2016 WL 3634258, at *1. He was also entitled to a de novo appeal of that hearing in the county civil court at law. *See* Tex. Occ. Code § 2308.459; Tex. R. Civ. P. 506.3; *Allen*, 2018 WL 5056493, at *3; *Manderscheid*, 506 S.W.3d at 527.

Nothing in section 2308.452 itself, or in the statutory framework of the Towing and Booting Act as a whole, suggests that Badaiki was required to establish that his car was an "unauthorized vehicle" in order to be entitled to a tow hearing. Unauthorized vehicles and the authority to remove them from property are discussed primarily in subchapter F of chapter 2308, entitled "Unauthorized Vehicles." No provision of chapter 2308 limits the application of the right to a tow hearing under subchapter J to the owners of unauthorized vehicles. To the contrary, section 2308.452 states that "[t]he owner or operator of a vehicle that has been removed . . . is entitled to a hearing." Tex. Occ. Code § 2308.452. Whether a vehicle was authorized to park in the location from where it was towed is indeed a proper issue for resolution in a tow hearing. *See id*. § 2308.458(c)(1); *H & H Wrecker*, 2016 WL 3634258, at *1. Accordingly, the county civil court at law erred in dismissing Badaiki's appeal for want of jurisdiction.

We reverse the trial court's order of dismissal and remand for further proceedings in accordance with this opinion.

7

/s/    Frances Bourliot
Justice


Panel consists of Justices Wise, Jewell, and Bourliot.