

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00424-CV

**BRAZOS VALLEY ROADRUNNERS, L.P.,**

                                                            **Appellant**

 **v.**

**IAN CICHY,**

                                                            **Appellee**

### From the County Court at Law
### Brazos County, Texas
### Trial Court No. 6148-B

---

## MEMORANDUM OPINION

---

Brazos Valley Roadrunners, L.P. ("Roadrunners") appeals the trial court's ruling that it was not authorized to tow Ian Cichy's vehicle from the Coyote Parking Lot owned and operated by the Dixie Chicken, Inc. ("DCI"). Specifically, in three issues, Roadrunners contends that: (1) the trial court erred when it held that the contract between Roadrunners and DCI does not address the facts presented; (2) the evidence is legally insufficient; and (3) the evidence is factually insufficient. Both sufficiency issues

challenge the trial court's finding that there was not probable cause to tow Cichy's vehicle. Finding no error, we affirm.

## I. BACKGROUND

On the evening of May 4, 2019, Cichy parked his Toyota FJ Cruiser in the Coyote Parking Lot owned by DCI. Cichy approached the pay area with a credit card in hand, but soon realized that the parking lot only accepted cash as a form of payment. Because he did not have any cash on hand, Cichy "ran inside to where I work, which is about ten feet away from the parking lot, Shiner, and asked a coworker for $5 cash." After receiving $5 in cash from the coworker, Cichy "ran directly back out," waived the $5 cash around in view of Roadrunners's surveillance cameras, and "turned the car alarm on so that any potential spotters would have seen [his] car and that [he] was paying." Cichy then deposited the $5 cash in the appropriate slot. Cichy testified that he,

> spoke to spotters and said, "I'm all good, right" to—"Y'all aren't going to tow me. I'm all right. You saw me pay, right?" And they confirmed that, confirming, uh, contract law, that I had done everything I was supposed to do not to get towed, and then I went to work and two hours later I was towed.

Cichy had to pay Roadrunners $319.05 to retrieve his vehicle.

Pursuant to the Texas Towing and Booting Act (the "Act"), Cichy sued DCI and Roadrunners for the removal of his vehicle without probable cause. As provided for in the Act, Cichy requested a hearing before the Justice of the Peace Court ("JP Court"). The

JP Court conducted the hearing, and after the hearing, it entered a judgment in Cichy's favor.

DCI and Roadrunners appealed the JP Court's decision to the County Court at Law ("County Court" or "Court") of Brazos County, Texas. The County Court also determined that Cichy proved his claim that Roadrunners towed his vehicle without probable cause, and it entered a judgment in favor of Cichy as to Roadrunners for $360 and post-judgment interest at five percent. The Court also entered a take-nothing judgment as to DCI. The Court also entered numerous findings of fact and conclusions of law.

## II.  PROBABLE CAUSE IN TOWING CASES

In its second and third issues, which we will address first, Roadrunners asserts that the evidence is legally and factually insufficient to support the trial court's finding that there was no probable cause to tow Cichy's vehicle.

### A.  Standard of Review

When a trial court issues findings of fact and conclusions of law following a bench trial, its findings are reviewable for legal and factual sufficiency of the evidence by the same standards as applied in a review of the legal and factual sufficiency of the evidence to support a jury's finding. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *see also Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We review the trial court's conclusions of law de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d

789, 794 (Tex. 2002). As the reviewing court, we may review the trial court's legal conclusions drawn from the facts to determine their correctness. *Id.*

When we review a finding for legal sufficiency, we credit evidence that supports the finding if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *See Kroger Tex., Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

In reviewing a factual-sufficiency issue, the court of appeals must consider all the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). We may overturn findings only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.*

## B.    Applicable Law

Under chapter 2308 of the Act, entitled "Rights of Owners and Operators of Stored or Booted Vehicles, "a party is entitled to a hearing to challenge the towing of a vehicle as long as the party makes a proper request for such a hearing." *See* TEX. OCC. CODE ANN. § 2308.451-.460; *see also H & H Wrecker v. Koctar*, No. 14-15-00311-CV, 2016 Tex. App. LEXIS 7182, at *2 n.2 (Tex. App.—Houston [14th Dist.] July 7, 2016, no pet.) (mem. op.). Section 2308.452 specifically states: "The owner or operator of a vehicle that has been removed and placed in a vehicle storage facility . . . without the consent of the owner or operator of the vehicle is entitled to a hearing on whether probable cause existed for the removal and placement . . . ." TEX. OCC. CODE ANN. § 2308.452. The hearing takes place

in a justice court having jurisdiction over the precinct from which the vehicle was towed. *See id.* § 2308.453(a); *see also H & H Wrecker*, 2016 Tex. App. LEXIS 7182, at *2 n.2.

The primary issue at a hearing conducted under Chapter 2308 of the Act is whether probable cause existed for the removal and placement of a towed vehicle. TEX. OCC. CODE ANN. § 2308.451-.452. If the court that conducts the hearing finds there was probable cause for the removal and storage of the vehicle, the "person who requested the hearing shall pay the costs of the removal and storage." *Id.* § 2308.451(a). Conversely, if the court finds that no probable cause existed for the removal and storage of the vehicle, "the towing company, vehicle storage facility, or parking facility owner or law enforcement agency that authorized the removal shall" pay the costs of removal and storage or reimburse the owner or operator for removal and storage costs already paid by the owner or operator of the vehicle. *Id.* § 2308.451(b). At the conclusion of the hearing, the trial court may award: (1) court costs and attorney's fees to the prevailing party; (2) the cost of any photographs submitted by the vehicle owner or operator who is the prevailing party; (3) the amount that fees exceeded the permitted amount; and (4) reimbursement of fees for towing and storage. *Id.* § 2308.458(e).

Section 2308.459 of the Act provides for an appeal from the justice court's decision. *Id.* § 2308.459; *Manderscheid v. LAZ Parking of Tex., LLC*, 506 S.W.3d 521, 527 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Appeals from justice courts are tried de novo in county court. *See* TEX. R. CIV. P. 506.3; *see also Badaiki v. Miller*, No. 14-17-00450-CV, 2019

Tex. App. LEXIS 1384, at *6 (Tex. App.—Houston [14th Dist.] Feb. 26, 2019, no pet.) (mem. op.).

## C. Discussion

In the instant case, the trial court concluded that Roadrunners did not have probable cause to tow Cichy's vehicle because surveillance cameras showed that Cichy paid the required parking fee prior to the time Roadrunners had his vehicle towed. Roadrunners contends that it had probable cause to tow because Cichy left the Coyote Parking Lot for a few minutes before returning to pay, and because the applicable rules clearly require a person to pay before walking away from the lot.

Probable cause, in the context of a tow hearing, "exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found." *See, e.g., Wilt v. City of Greenville Police Dep't*, No. 06-10-00107-CV, 2011 Tex. App. LEXIS 3257, at *5 (Tex. App.—Texarkana Apr. 29, 2011, no pet.) (mem. op.) (citing *Small v. State*, 977 S.W.2d 771, 774 (Tex. App.—Fort Worth 1998, no pet.); *Senter v. City of Dallas*, No. 05-05-01416-CV, 2006 Tex. App. LEXIS 9669, at *6 (Tex. App.—Dallas Nov. 8, 2006, no pet.) (mem. op.)). Probable cause "is a flexible, common sense standard requiring only a probability of suspect activity rather than an actual showing of such activity." *Wilt*, 2011 Tex. App. LEXIS 3257, at *6 (citing *Senter*, 2006 Tex. App. LEXIS 9669, at *6).

The Texarkana Court of Appeals recently addressed an almost identical set of facts in a case that was transferred from this Court due to docket equalization. *See generally Brazos Valley Roadrunners, LLC v. Hargrove*, No. 06-20-00088-CV, ___ S.W.3d ___, 2021 WL 2272932 (Tex. App.—Texarkana June 4, 2021, no pet. h.). Specifically, the *Hargrove* Court noted the following:

> The evidence at trial showed that Hargrove left the Lot for less than five minutes to retrieve cash to pay the parking fee. Even assuming Hargrove's brief departure led to his vehicle becoming temporarily unauthorized, Chapter 2308 only permits the towing of an unauthorized vehicle, and it is undisputed that Hargrove returned and quickly paid the fee before finally leaving the Lot. As a result, sufficient evidence supported the trial court's findings that "[a]uthorized use of the Coyote Lot . . . was conditioned solely on reasonably prompt payment of $5," and "Hargrove's use of the Coyote Lot . . . was authorized because he completed reasonably prompt payment of $5." Even though Hargrove's truck was authorized to park in the Lot after payment, Roadrunners still towed it. Based on the evidence in this case, we conclude that the trial court's finding that Roadrunners lacked probable cause to tow was not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

*Id.* at *5.

Like *Hargrove*, Cichy left the parking lot for approximately five minutes to retrieve cash to pay the parking fee. *See id.* Moreover, surveillance videos admitted at trial show that Cichy paid the $5 parking fee about an hour before Roadrunners had his vehicle towed. Therefore, even if we assume that Cichy was not authorized to park his vehicle in the lot during the brief time that he left the lot to get some cash, Cichy returned and paid the required parking fee well before Roadrunners had his vehicle towed. Cichy did not finally leave the lot until he had paid the required fee. This evidence demonstrates

Brazos Valley Roadrunners, L.P. v. Cichy

that Cichy was authorized to park in the lot at the time Roadrunners had it towed. *See id.*

Therefore, we conclude that sufficient evidence supports the trial court's findings that: (1) Cichy "parked in the Coyote Lot, approached the pay area with a credit card in hand to pay, and discovered that the lot was a cash only lot. The Plaintiff then left the lot for approximately 5 minutes to get $5 in cash"; (2) "upon reentering the lot to pay, the Plaintiff held his money in the air and engaged the horn and lights of his vehicle to get the spotters' attention. He then went to the pay station and put his $5 into the appropriate slot and left the lot"; and (3) "[a]pproximately one hour later, Brazos Valley Roadrunners, L.P., towed the Plaintiff's vehicle." In other words, there is sufficient evidence to support the finding that even though Cichy vehicle was authorized to park his vehicle in the lot after payment, Roadrunners still towed it.[1]

Furthermore, based on the evidence in this case, we conclude that the trial court's finding that Roadrunners lacked probable cause to tow Cichy's vehicle was not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Accordingly, we hold that legally and factually sufficient evidence supported the trial court's finding that Roadrunners did not have probable cause to tow Cichy's vehicle. We overrule Roadrunners's second and third issues.

---

[1] We limit our holding to the facts of this case and express no opinion on whether a towing company or parking-facility owner would have probable cause to tow if a longer time elapsed between parking and payment.

### III. THE CONTRACT BETWEEN ROADRUNNERS AND DCI

In its first issue, Roadrunners argues that the trial court erred in holding that the contract between it and DCI does not address the facts presented. The trial court, in its findings of fact, specifically stated that: "Brazos Valley Roadrunners, L.P. has a contract with Defendant, Dixie [C]hicken, Inc., to enforce parking violations at a private parking lot in College Station, TX known as the Coyote [L]ot" and "Brazos Valley Roadrunners, L.P. maintain that they are following the rules put in place by the Dixie Chicken, Inc. The rules are memorialized in in [sic] a written contract between the two Defendants." Further, in its conclusions of law, the trial court noted that: "The contract between the Defendants does not address this type of situation."

Nevertheless, in our analysis above, we presumed that the contract between DCI and Roadrunners authorized Roadrunners to enforce parking violations at the Coyote Lot.[2] However, because we concluded that the evidence is sufficient to support the trial court's finding that Roadrunners lacked probable cause to tow Cichy's vehicle, we conclude that Roadrunners's first issue is immaterial to our analysis. We overrule Roadrunners's first issue.

---

[2] We note that Cichy did not challenge the adequacy of the signage at the lot in the trial court or on appeal.

## IV.    CONCLUSION

Having overruled all of Roadrunners's issues on appeal, we affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
        Justice Johnson,
        and Justice Wright[3]
Affirmed
Opinion delivered and filed July 28, 2021
[CV06]



---

[3] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  See TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.