

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00278-CV

**BRAZOS VALLEY ROADRUNNERS, LLC,**

**Appellant**

**v.**

**BRIAN NILES,**

**Appellee**

**From the County Court at Law No 1
Brazos County, Texas
Trial Court No. 6191-B**

## MEMORANDUM OPINION

Appellant Brazos Valley Roadrunners, LLC ("Roadrunners") appeals the trial court's ruling that it did not have probable cause to tow Brian Niles' vehicle from the Coyote Parking Lot owned and operated by the Dixie Chicken, Inc. ("DCI"). Specifically, in four issues, Roadrunners contends that: the evidence is legally and factually insufficient to support a finding that Niles was authorized to use the parking facility and

that the evidence is legally and factually insufficient to support a finding that Roadrunners lacked probable cause to tow Niles' vehicle. Finding no error, we affirm.

## Background

On October 21, 2020, Niles, Niles' wife, Brandon Velek, and Velek's wife arrived in College Station, Texas, to attend a Texas A&M football game. Niles decided to park his vehicle in a numbered space in the Coyote Parking Lot owned by DCI. Because it was a gameday, there was only one parking spot available. Niles' wife and Velek's wife stood in the parking spot while Velek paid the $5 parking fee for parking spot number three. Shortly after paying, Niles pulled his vehicle into parking spot number three. The two couples then left the lot to go to the football game. When he returned to the parking lot after the football game, Niles discovered that Roadrunners had towed his vehicle. Roadrunners charged Niles $299.06 for the towing and storage of his vehicle.

Pursuant to the Texas Towing and Booting Act (the "Act"), *see* TEX. OCC. CODE ANN. §§ 2308.001-.505, Niles sued Roadrunners for the removal of his vehicle without probable cause. As provided for in the Act, Niles requested a hearing in the Justice of the Peace Court ("JP Court"). The JP Court conducted a hearing, and after the hearing, it entered judgment in Niles' favor.

Roadrunners appealed to the County Court at Law No. 1. After a trial, the County Court at Law concluded that Roadrunners did not have probable cause to tow Niles' vehicle and entered a judgment in favor of Niles in the amount of $299.06 with interest

and court costs. The County Court at Law also entered numerous findings of fact and conclusions of law. Roadrunners filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

**Niles' Right to Park in the Coyote Lot**

In its first two issues, Roadrunners contends that the evidence is legally and factually insufficient to support a finding that Niles was authorized to use the parking facility. We disagree.

STANDARD OF REVIEW

When a trial court issues findings of fact and conclusions of law following a bench trial, its findings are reviewable for legal and factual sufficiency of the evidence by the same standards as applied in a review of the legal and factual sufficiency of the evidence to support a jury's finding. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *see also Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We review the trial court's conclusions of law de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). As the reviewing court, we may review the trial court's legal conclusions drawn from the facts to determine their correctness. *Id*.

When we review a finding for legal sufficiency, we credit evidence that supports the finding if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *See Kroger Tex., Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

In reviewing a factual-sufficiency issue, the court of appeals must consider all the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). We may overturn findings only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id*.

APPLICABLE LAW

Under chapter 2308, subchapter J of the Act, entitled "Rights of Owners and Operators of Stored or Booted Vehicles," a party is entitled to a hearing to challenge the towing of a vehicle as long as the party makes a proper request for such a hearing. *See* TEX. OCC. CODE ANN. §§ 2308.451-.460; *see also H & H Wrecker v. Koctar*, No. 14-15-00311-CV, 2016 Tex. App. LEXIS 7182, at *2 n.2 (Tex. App.—Houston [14th Dist.] July 7, 2016, no pet.) (mem. op.). Section 2308.452 specifically states: "The owner or operator of a vehicle that has been removed and placed in a vehicle storage facility . . . without the consent of the owner or operator of the vehicle is entitled to a hearing on whether probable cause existed for the removal and placement. . . ." TEX. OCC. CODE ANN. § 2308.452. The hearing is to be conducted in a justice court having jurisdiction over the precinct from which the vehicle was towed. *See id*. § 2308.453(a); *see also H & H Wrecker*, 2016 Tex. App. LEXIS 7182, at *2 n.2.

The primary issue at a hearing conducted under Chapter 2308 of the Act is whether probable cause existed for the removal and placement of a towed vehicle. TEX. OCC. CODE ANN.§§ 2308.451-.452. If the court that conducts the hearing finds there was probable

cause for the removal and storage of the vehicle, the "person who requested the hearing shall pay the costs of the removal and storage." *Id*. § 2308.451(a). Conversely, if the court finds that no probable cause existed for the removal and storage of the vehicle, "the towing company, vehicle storage facility, or parking facility owner or law enforcement agency that authorized the removal shall" pay the costs of removal and storage or reimburse the owner or operator for removal and storage costs already paid by the owner or operator of the vehicle. *Id*. § 2308.451(b). At the conclusion of the hearing, the trial court may award: (1) court costs and attorney's fees to the prevailing party; (2) the cost of any photographs submitted by the vehicle owner or operator who is the prevailing party; (3) the amount that fees exceeded the permitted amount; and (4) reimbursement of fees for towing and storage. *Id*. § 2308.458(e).

Section 2308.459 of the Act provides for an appeal from the justice court's decision. *Id.* § 2308.459; *Manderscheid v. LAZ Parking of Tex., LLC*, 506 S.W.3d 521, 527 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Appeals from justice courts are tried de novo in county court. *See* TEX. R. CIV. P. 506.3; *see also Badaiki v. Miller*, No. 14-17-00450-CV, 2019 Tex. App. LEXIS 1384 at *6 (Tex. App.—Houston [14th Dist.] Feb. 26, 2019, no pet.) (mem. op.).

DISCUSSION

In its conclusions of law, the trial court concluded that, at the time Niles' vehicle was towed, Niles was authorized to park in the Coyote Lot. The trial court further

concluded that Roadrunners did not have probable cause to tow Niles' vehicle because the required parking fee had been paid prior to the towing. Roadrunners challenges both findings.

Probable cause, in the context of a tow hearing, "exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found." *See, e.g., Wilt v. City of Greenville Police Dep't*, No. 06-10-00107-CV, 2011 Tex. App. LEXIS 3257 at *5 (Tex. App.—Texarkana Apr. 29, 2011, no pet.) (mem. op.) (citing *Small v. State*, 977 S.W.2d 771, 774 (Tex. App.—Fort Worth 1998, no pet.); *Senter v. City of Dallas*, No. 05-05-01416-CV, 2006 Tex. App. LEXIS 9669 at *6 (Tex. App.—Dallas Nov. 8, 2006, no pet.) (mem. op.)). Probable cause "is a flexible, common-sense standard requiring only a probability of suspect activity rather than an actual showing of such activity." *Wilt*, 2011 Tex. App. LEXIS 3257, at *6 (citing *Senter*, 2006 Tex. App. LEXIS 9669, at *6, 2006 WL 3218548, at *2). The Texarkana Court of Appeals addressed probable cause in a case that was transferred from this Court due to docket equalization. *See generally Brazos Valley Roadrunners, LLC v. Hargrove*, 628 S.W.3d 607 (Tex. App.—Texarkana 2021, pet. denied), *op. withdrawn, reh'g denied*, 2021 Tex. App. LEXIS 4383 (Tex. App.—Texarkana June 4, 2021). Specifically, the *Hargrove* Court noted the following:

> The evidence at trial showed that Hargrove left the Lot for less than five minutes to retrieve cash to pay the parking fee. Even assuming Hargrove's

brief departure led to his vehicle becoming temporarily unauthorized, Chapter 2308 only permits the towing of an unauthorized vehicle, and it is undisputed that Hargrove returned and quickly paid the fee before finally leaving the Lot. As a result, sufficient evidence supported the trial court's findings that "[a]uthorized use of the Coyote Lot . . . was conditioned solely on reasonably prompt payment of $5." Even though Hargrove's truck was authorized to park in the Lot after payment, Roadrunners still towed it. Based on the evidence in this case, we conclude that the trial court's finding that Roadrunners lacked probable cause to tow was not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. As a result, legally and factually sufficient evidence supported this finding.

*Id.* at 613-14; *see, e.g.*, *Brazos Valley Roadrunners, L.P. v. Cichy*, No. 10-19-00424-CV, 2021 Tex. App. LEXIS 6001, at **7-9 (Tex. App.—Waco July 28, 2021, no pet.) (mem. op.) (concluding similarly); *Brazos Valley Roadrunners, L.P. v. Lee*, No. 10-19-00251-CV, 2021 Tex. App. LEXIS 6002, at **8-10 (Tex. App.—Waco July 28, 2021, no pet.) (mem. op.) (concluding similarly).

Here, the evidence demonstrates that the Coyote Lot requires payment of $5 cash to park in the lot. Like *Hargrove*, *Cichy*, and *Lee*, the evidence further demonstrates that the $5 parking fee for a parking spot was paid prior to Niles' vehicle being towed. We therefore conclude that Niles was authorized to park his vehicle in parking spot three in the Coyote Lot at the time Roadrunners had it towed. *See Hargrove*, 628 S.W.3d at 613-14; *see also Cichy*, 2021 Tex. App. LEXIS 6001, at **7-9; *Lee*, 2021 Tex. App. LEXIS 6002, at **8-10. In addition, because Niles' vehicle was authorized to park in parking spot three in the Coyote Lot at the time of the tow, we further conclude that Roadrunners lacked

probable cause to tow Niles' vehicle. *See Hargrove*, 628 S.W.3d at 613-14; *see also Cichy*, 2021 Tex. App. LEXIS 6001, at **7-9; *Lee*, 2021 Tex. App. LEXIS 6002, at **8-10.

Based on the foregoing, we conclude that the trial court's findings that Niles was authorized to park in the Coyote Parking Lot and that Roadrunners lacked probable cause to tow Niles' vehicle were not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Accordingly, we hold that legally and factually sufficient evidence supported the trial court's findings that Niles was authorized to park in the Coyote Parking Lot and that Roadrunners did not have probable cause to tow Niles' vehicle. We overrule all of Roadrunner's issues on appeal.

## Conclusion

Having overruled all of Roadrunners' issues on appeal, we affirm the judgment of the trial court.


MATT JOHNSON
Justice


Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
(Chief Justice Gray dissents. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed June 1, 2022
[CV06]

