

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00251-CV

**BRAZOS VALLEY ROADRUNNERS, LP,**

                                           **Appellant**

 **v.**

**NARI LEE,**

                                           **Appellee**

---

### From the County Court at Law No. 2
### Brazos County, Texas
### Trial Court No. 6124-B

---

## MEMORANDUM OPINION

---

Appellant Brazos Valley Roadrunners, LP ("Roadrunners") appeals the trial court's ruling that it was not authorized to tow appellee Nari Lee's vehicle from the Coyote Parking Lot owned and operated by Dixie Chicken, Inc. ("DCI"). In five issues, Roadrunners challenges the trial court's judgment under the Texas Towing and Booting

Act (the "Act"). *See* TEX. OCC. CODE ANN. §§ 2308.001–.595. Because we overrule all of Roadrunners's issues on appeal, we affirm.

## I. BACKGROUND

Lee parked her car in a numbered space in the Coyote Parking Lot owned by DCI. Lee approached the Coyote Parking Lot pay box and then walked across the street without paying. Lee testified at trial that she left the parking lot to get help to better understand the parking procedure, returned within a minute of crossing the street, and paid the parking fee before Roadrunners removed her vehicle. When she returned to the lot after attending an event, Lee learned that Roadrunners had towed her vehicle. Lee paid $297.70 to retrieve her vehicle from the Roadrunners storage lot.

Pursuant to the Act, Lee sued Roadrunners for the removal of her vehicle without probable cause. As provided for in the Act, Lee requested a hearing in the Justice of the Peace Court ("JP Court"). The JP Court conducted the hearing, and after the hearing, it entered a default judgment in her favor. Roadrunners filed a motion for new trial, which was denied.

Roadrunners then appealed to the County Court at Law No. 2 ("County Court" or "Court"). The County Court entered a judgment in favor of Lee. Roadrunners filed a motion for new trial, which was granted.

On retrial, Lee testified that, because she was unfamiliar with the payment method used at the Coyote Parking Lot, she left the lot and went to an event across the street to

ask someone for help. Her testimony was that an unidentified student returned to the payment box with her and placed $5 in the slot that corresponded with her parking space number. Lee stated that she checked her parking number again when she paid and that her car was still there at that time.

Lee also presented testimony from Suil Kang, who was with Lee when she returned to the lot and discovered that Roadrunners towed her vehicle. Kang testified that she saw Lee arguing with the parking lot attendant who showed them the security footage on an iPad. Kang recounted that the footage showed Lee returning to pay the fee, but that the attendant said the only thing that mattered was that she left the lot without paying. The portion of the parking lot video showing Lee walking away was admitted into evidence, but, according to Roadrunners, the portion of the video showing that she paid was no longer available.

Sandra Portzer, the owner of Roadrunners, testified that the video system used to monitor the Coyote Parking Lot is only able to store recordings for a limited period of time. When that storage is full, the system saves new recordings over the oldest recordings. Portzer stated that when she saved the recording shown at trial, she did not have reason to know that there was a claim of subsequent payment, and that she was unable to save the video of Lee allegedly paying.

The County Court determined that, while Lee parked in violation of the facility owner's rules, a *de minimis* violation did not authorize Roadrunners to remove her

vehicle. As a result, the County Court entered a judgment in favor of Lee as to Roadrunners for $297.70 and $41.00 for court costs. The Court also entered numerous findings of fact and conclusions of law.

## II.     STANDARD OF REVIEW

When a trial court issues findings of fact and conclusions of law following a bench trial, its findings are reviewable for legal and factual sufficiency of the evidence by the same standards as applied in a review of the legal and factual sufficiency of the evidence to support a jury's finding. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *see also Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We review the trial court's conclusions of law de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). As a reviewing court, we may review the trial court's legal conclusions drawn from the facts to determine their correctness. *Id.*

When we review a finding for legal sufficiency, we credit evidence that supports the finding if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *See Kroger Tex., Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

In a review of the factual-sufficiency issue, an appellate court must consider all the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). We may overturn findings only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* Under either standard of review, the trier

of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986); *see City of Keller*, 168 S.W.3d at 819.

### III. APPLICABLE LAW

Under chapter 2308, subchapter J of the Act entitled "Rights of Owners and Operators of Stored or Booted Vehicles," a party is entitled to a hearing to challenge the towing of a vehicle as long as the party makes a proper request for such a hearing. *See* TEX. OCC. CODE ANN. § 2308.451-.460; *see also H & H Wrecker v. Koctar*, No. 14-15-00311-CV, 2016 Tex. App. LEXIS 7182, at *2 n.2 (Tex. App.—Houston [14th Dist.] July 7, 2016, no pet.) (mem. op.). Section 2308.452 specifically states: "The owner or operator of a vehicle that has been removed and placed in a vehicle storage facility . . . without the consent of the owner or operator of the vehicle is entitled to a hearing on whether probable cause existed for the removal and placement . . . ." TEX. OCC. CODE ANN. § 2308.452. The hearing takes place in a justice court having jurisdiction over the precinct from which the vehicle was towed. *See id.* § 2308.453(a); *see also H & H Wrecker*, 2016 Tex. App. LEXIS 7182, at *2 n.2.

The primary issue at a hearing conducted under Chapter 2308 of the Act is whether probable cause existed for the removal and placement of a towed vehicle. TEX. OCC. CODE ANN. § 2308.451-.452. If the court that conducts the hearing finds there was probable cause for the removal and storage of the vehicle, the "person who requested the hearing shall pay the costs of the removal and storage." *Id.* § 2308.451(a). Conversely, if the court

finds that no probable cause existed for the removal and storage of the vehicle, "the towing company, vehicle storage facility, or parking facility owner or law enforcement agency that authorized the removal shall" pay the costs of removal and storage or reimburse the owner or operator for removal and storage costs already paid by the owner or operator of the vehicle. *Id.* § 2308.451(b). At the conclusion of the hearing, the trial court may award: (1) court costs and attorney's fees to the prevailing party; (2) the cost of any photographs submitted by the vehicle owner or operator who is the prevailing party; (3) the amount that fees exceeded the permitted amount; and (4) reimbursement of fees for towing and storage. *Id.* § 2308.458(e).

Section 2308.459 of the Act provides for an appeal from the justice court's decision. *Id.* § 2308.459; *Manderscheid v. LAZ Parking of Tex., LLC*, 506 S.W.3d 521, 527 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Appeals from justice courts are tried de novo in county court. *See* TEX. R. CIV. P. 506.3; *see also Badaiki v. Miller*, No. 14-17-00450-CV, 2019 Tex. App. LEXIS 1384, at *6 (Tex. App.—Houston [14th Dist.] Feb. 26, 2019, no pet.) (mem. op.).

## IV.  ANALYSIS

In its first two issues, Roadrunners argues that the evidence is legally and factually insufficient to support the trial court's finding that there was not probable cause to tow Lee's vehicle. Roadrunners contends that it had probable cause to tow Lee's vehicle

because Lee left the lot before returning to pay and the lot's posted rules clearly required customers to pay before walking away from the lot.

Probable cause, in the context of a tow hearing, "exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found." *See, e.g., Wilt v. City of Greenville Police Dep't*, No. 06-10-00107-CV, 2011 Tex. App. LEXIS 3257, at *5 (Tex. App.—Texarkana Apr. 29, 2011, no pet.) (mem. op.) (citing *Small v. State*, 977 S.W.2d 771, 774 (Tex. App.—Fort Worth 1998, no pet.); *Senter v. City of Dallas*, No. 05-05-01416-CV, 2006 Tex. App. LEXIS 9669, at *6 (Tex. App.—Dallas Nov. 8, 2006, no pet.) (mem. op.)). Probable cause "is a flexible, common sense standard requiring only a probability of suspect activity rather than an actual showing of such activity." *Id.* at *6 (citing *Senter*, 2006 Tex. App. LEXIS 9669, at *6).

The Texarkana Court of Appeals recently addressed an almost identical set of facts in a case that was transferred from this Court due to docket equalization. *See generally Brazos Valley Roadrunners, LLC v. Hargrove*, No. 06-20-00088-CV, ___ S.W.3d ___, 2021 WL 2272932 (Tex. App.—Texarkana June 4, 2021, no pet. h.). Specifically, the *Hargrove* Court noted the following:

> The evidence at trial showed that Hargrove left the Lot for less than five minutes to retrieve cash to pay the parking fee. Even assuming Hargrove's brief departure led to his vehicle becoming temporarily unauthorized, Chapter 2308 only permits the towing of an unauthorized vehicle, and it is undisputed that Hargrove returned and quickly paid the fee before finally leaving the Lot. As a result, sufficient evidence supported the trial court's

findings that "[a]uthorized use of the Coyote Lot . . . was conditioned solely on reasonably prompt payment of $5," and "Hargrove's use of the Coyote Lot . . . was authorized because he completed reasonably prompt payment of $5." Even though Hargrove's truck was authorized to park in the Lot after payment, Roadrunners still towed it. Based on the evidence in this case, we conclude that the trial court's finding that Roadrunners lacked probable cause to tow was not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

*Id.* at *5.

Like *Hargrove*, Lee left the parking lot before paying but paid the fee before her vehicle was towed. While the video evidence of Lee returning to pay the fee was not available at trial, the court made a factual finding, based on Kang's testimony, that: "She returned within minutes and paid the fee." As the factfinder, the trial court was free to believe Kang's testimony that the video footage showed Lee returning to pay within minutes of crossing the street. Therefore, even if we assume that Lee was not authorized to park her vehicle in the lot during the brief time that she left the lot to get help, Lee returned and paid the required parking fee well before Roadrunners had her vehicle towed. Lee did not finally leave the lot until she had paid the required fee. This evidence demonstrates Lee was authorized to park her vehicle in the lot at the time Roadrunners had it towed.[1] *See id.*

---

[1] We limit our holding to the facts of this case and express no opinion on whether a towing company or parking-facility owner would have probable cause to tow a vehicle if a longer time elapsed between parking and payment.

Furthermore, based on the evidence in this case, we conclude that the trial court's finding that Roadrunners lacked probable cause to tow Lee's vehicle was not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Accordingly, we hold that legally and factually sufficient evidence supported the trial court's finding that Roadrunners did not have probable cause to tow Lee's vehicle. We overrule Roadrunners's first and second issues.

In its remaining three issues, Roadrunners challenges the trial court's findings regarding the adequacy of the signage at the lot. However, because we have concluded that Roadrunners did not have probable cause to tow Lee's vehicle, we need not address Roadrunners's remaining issues as they are immaterial. *See Anderson, Greenwood & Co. v. Martin*, 44 S.W.3d 200, 216 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (stating that a finding on a question is immaterial if the question should not have been submitted to the factfinder or if it has been rendered immaterial by other findings); *see also* TEX. R. APP. P. 47.1, 47.4. Accordingly, we overrule Roadrunners's last three issues.

## V.     CONCLUSION

Having overruled all of Roadrunners's issues on appeal, we affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
          Justice Johnson,
          and Justice Wright[2]
Affirmed
Opinion delivered and filed July 28, 2021
[CV06]



---

    [2] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 4.003, 75.002, 75.003.