**Opinion issued October 31, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00520-CV

## NO. 01-22-00525-CV

———————————

**ADERONKE ADEREMI, Appellant**

**V.**

**MASSANDRA KV VINEYARDS OWNER LLC, AS SUCCESSOR-IN-INTEREST TO PAC VINEYARDS LLC, Appellee**

**IN RE ADERONKE ADEREMI, Relator**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1176890**

---

**MEMORANDUM OPINION**

In this forcible detainer action, appellant Aderonke Aderemi appeals from the county court's judgment awarding possession of an apartment to appellee Massandra KV Vineyards Owner LLC ("Massandra"), as alleged successor-in-interest to PAC Vineyards LLC ("PAC Vineyards"). On appeal, Aderemi raises thirteen issues, including that Massandra lacked standing to sue and that no evidence established Massandra had a superior right to immediate possession of the apartment.[1] For the reasons discussed below, we conclude that Massandra had standing to bring the eviction suit, but the evidence was legally insufficient to establish Massandra's right to possession. Accordingly, we reverse and render judgment.

Aderemi also filed a petition for writ of mandamus requesting that this Court stay enforcement of the county court's post-judgment order directing the issuance of a writ of possession. We dismiss the petition as moot.

## Background

In October 2020, Aderemi and PAC Vineyards entered into a lease agreement for an apartment unit at the Vineyards apartment complex in Harris County. The

---

[1]     In her other issues, Aderemi contends that the county court erred by entering a judgment that was unclear; entering findings of fact unsupported by legally sufficient evidence; denying her objection to an assigned judge; and issuing a post-judgment writ of possession. Aderemi also raises issues concerning opposing counsel, her own counsel's ineffective assistance, and the admission of evidence. Because the legal sufficiency challenge to Massandra's right to possession is dispositive of this appeal, we do not reach these remaining issues. *See* TEX. R. APP. P. 47.1.

lease conveyed possession of the apartment to Aderemi for seventeen months from November 2020 to April 2022. In April and May 2021, PAC Vineyards sent Aderemi three notices stating that she had violated the lease by having garage sales on Vineyards' grounds and refusing access to her apartment for required inspections.

In June 2021, PAC Vineyards sent Aderemi a notice of eviction. According to the notice, PAC Vineyards was terminating the lease due to the lease violations described in the prior notices and because PAC Vineyards had received complaints that Aderemi was harassing and threatening other Vineyards residents. The letter requested that Aderemi vacate her apartment within three days. Aderemi did not vacate the apartment.

In June 2021, PAC Vineyards filed an original petition for eviction against Aderemi in Harris County justice court. *See* TEX. PROP. CODE § 24.004(a) (providing that justice courts have jurisdiction to hear eviction suits and issue writs of possession). In August 2021, Massandra filed a verified first amended petition.[2] The amended petition substituted Massandra as plaintiff, stating that Massandra was the successor-in-interest of PAC Vineyards and was the "owner and landlord" of the Vineyards apartment complex. Massandra's authorized representative averred in the

---

[2] The petition names "Aderemi and all occupants" as defendants, but Aderemi is the only defendant who filed an answer, participated in the underlying proceedings, and participated in this appeal. Thus, Massandra and Aderemi are the only parties to this appeal.

verification that each of the facts alleged in the petition were within her personal knowledge and were true and correct.

The amended petition alleged that Massandra and Aderemi entered into a lease agreement conveying possession of the apartment to Aderemi. The amended petition further alleged that Aderemi had violated various provisions of the lease, and Massandra had sent Aderemi a notice to vacate the apartment, but Aderemi refused to vacate the apartment and was in possession when the amended petition was filed. Massandra requested an award of possession of the apartment and other relief, including attorney's fees, costs, and interest.

In September 2021, the justice court signed a judgment awarding Massandra possession of the apartment. Aderemi appealed the justice court's judgment to the county court for trial de novo. *See* TEX. R. CIV. P. 510.9(a) (authorizing party to appeal judgment in eviction case), 510.10(c) (stating that appeal of eviction judgment is by trial de novo in county court). Aderemi also filed an amended answer in the county court generally denying Massandra's allegations and asserting several affirmative defenses. Massandra did not file any additional pleadings in the county court, so its live pleading was the first amended petition that it had filed in the justice court.

On December 6, 2021, the county court held a one-day bench trial in this case. The court admitted several documents into evidence, including the lease agreement

between Aderemi and PAC Vineyards, the three lease-violation notices, and the eviction notice.

Nancy Hernandez, an assistant property manager at the Vineyards apartment complex, testified at trial. Massandra's counsel asked Hernandez if "the current entity that owns the Vineyards . . . took over that property from another entity fairly recently" and if "it's fair to say y'all are the new management." Without further explanation, Hernandez answered both questions in the affirmative.

Several times during trial, the county court raised the issue of whether Massandra was a proper party. At the outset, the judge mentioned potential pleading issues and directed the parties to discuss "what the pleadings are" off the record. The court recessed, and afterwards the judge noted that the original petition listed PAC Vineyards as the sole plaintiff while the amended petition listed Massandra as the sole plaintiff. During Aderemi's case-in-chief, the court acknowledged an objection "to the party." Massandra's counsel represented that "the Vineyards [apartment complex] [is] currently owned by Massandra," but the court stated that "[t]here is nothing in the record as to when the current owner of this property took over this property." Massandra's counsel argued that Hernandez had testified about ownership of the apartment complex.

At the end of trial, the court orally announced that judgment would be for Massandra.

5

On April 5, 2022, the county court entered final judgment awarding possession of the apartment to Massandra. The judgment stated that Massandra was "entitled to obtain a Writ of Possession." The judgment also set a supersedeas bond in the amount of $12,480.

Aderemi filed a supersedeas bond on April 6, the day after the judgment was signed. She also deposited $12,480 into the court's registry. *See* TEX. R. APP. P. 24.1(a)(2) (providing that judgment may be superseded by filing bond), (c)(1) (providing that, alternatively, judgment may be superseded by depositing funds in court's registry). Aderemi filed a notice of appeal on July 5, 2022.

After requesting that each party file proposed findings of fact and conclusions of law, the county court adopted Massandra's proposed findings and conclusions. Finding No. 1 stated that "the parties entered into a lease contract . . . that conveyed to [Aderemi] the right of possession" to the subject apartment. The court ultimately concluded that Massandra was "entitled to possession" of the apartment.

On Massandra's motion, the court entered an order directing the county clerk to issue a writ of possession "in conformity with the final judgment."[3] The court

---

[3] According to the motion, the county court had "refus[ed] to issue the writ of possession" because Aderemi had filed a supersedeas bond. *See* TEX. R. APP. P. 24.1(f) ("Enforcement of a judgment must be suspended if the judgment is superseded.").

entered the order on July 15, 2022, after Aderemi had posted a supersedeas bond, deposited funds into the court's registry, and filed a notice of appeal.

Also on July 15, Aderemi filed an emergency petition for writ of mandamus in this Court requesting that we stay the county court's July 15 order and stay execution of the writ of possession. The same day, this Court entered a temporary order staying enforcement of the county court's order. Four days later, Aderemi filed an emergency motion in this Court arguing that despite this Court's stay order, she had received a notice to vacate the apartment within 24 hours. Aderemi's motion included the notice to vacate. The following day, this Court issued a second order stating that "[a]ny efforts to execute on the trial court's July 15, 2022 order granting Massandra's 'Motion to Issue Writ of Possession' are stayed pending resolution of [Aderemi's] petition for writ of mandamus" or further order of this Court.

### Standing and Right of Immediate Possession

Throughout most of her issues, Aderemi argues that Massandra offered no evidence proving that it was PAC Vineyards' successor-in-interest or that it was the actual owner or landlord of the apartment. Aderemi contends that Massandra therefore lacked standing to bring the eviction suit. For the reasons discussed below, we disagree that this presents an issue of standing and conclude that Massandra had standing to sue.

7

However, Aderemi's arguments also encompass the issue whether the evidence is legally sufficient to prove that Massandra had a right to possession of the apartment. *See* TEX. R. CIV. P. 510.3(e); *Isaac v. CitiMortgage, Inc.*, 563 S.W.3d 305, 310 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (stating that "the only issue to be adjudicated [in forcible-detainer action] is the right to actual possession"); *see also Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (per curiam) (stating that courts should review and evaluate pro se pleadings with liberality and patience); *Manderscheid v. LAZ Parking of Tex., LLC*, 506 S.W.3d 521, 522 n.1 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (op. on reh'g) (applying liberal construction to pro se party's appellate brief). For the reasons discussed below, we conclude that no evidence establishes Massandra had a right to possession of the apartment.

## A. Standing

On appeal, Aderemi primarily challenges Massandra's standing to sue.

### 1. Standard of Review and Governing Law

Standing is a jurisdictional prerequisite to suit, it may not be waived, and it may be raised for the first time on appeal. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993). The plaintiff has the burden to affirmatively demonstrate standing. *Heckman*, 369 S.W.3d at 154. Standing is determined at the time suit is

filed. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 n.9; *Rolle v. Hardy*, 527 S.W.3d 405, 417 (Tex. App.—Houston [1st Dist.] 2017, no pet.). We review de novo the jurisdictional issue of whether a party has standing to sue. *Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020).

The standing inquiry focuses on the plaintiff's alleged injury. Under Texas law, standing requires that: (1) the plaintiff must be personally injured, and the injury must be concrete and particularized, actual or imminent, not hypothetical; (2) the plaintiff's injury must be fairly traceable to the defendant's conduct; and (3) the plaintiff's injury must be likely redressable by the requested relief. *In re Abbott*, 601 S.W.3d 802, 808 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). If the plaintiff lacks standing, the trial court lacks subject-matter jurisdiction over the case, and the case must be dismissed. *Heckman*, 369 S.W.3d at 150–51.

A party may challenge the trial court's jurisdiction either on the pleadings or by evidence negating jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We first consider whether the plaintiff's petition alleged facts that affirmatively demonstrate the court's jurisdiction. *Id.*; *see Heckman*, 369 S.W.3d at 150 ("[O]ur [jurisdictional] analysis begins with the live pleadings."). We construe the pleadings liberally in favor of the plaintiff, taking as true all factual allegations, and look to the pleader's intent. *Heckman*, 369 S.W.3d at

150; *Miranda*, 133 S.W.3d at 226. We may also consider relevant evidence submitted by the defendant to negate the existence of jurisdictional facts. *Heckman*, 369 S.W.3d at 150; *Miranda*, 133 S.W.3d at 227.

### 2. Analysis

Aderemi argues that all her relevant dealings were with PAC Vineyards, not Massandra: she and PAC Vineyards were parties to the lease agreement; PAC Vineyards sent the lease-violation and eviction notices; and PAC Vineyards filed the original petition as sole plaintiff.[4] Aderemi further argues that Massandra produced no evidence proving that it succeeded to PAC Vineyards' interests as the owner and landlord of the Vineyards apartment complex. Thus, Aderemi contends that Massandra lacked standing to sue.

All of Aderemi's standing-related arguments challenge only part of the first element of standing: whether Massandra was personally injured by Aderemi's refusal to return possession of the apartment upon demand. *See In re Abbott*, 601

---

[4] Aderemi also argues that the county court's findings of fact and conclusions of law identified PAC Vineyards—not Massandra—as the plaintiff. However, we determine standing from the beginning of suit, when Massandra filed the amended petition in county court. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 n.9 (Tex. 1993); *Rolle v. Hardy*, 527 S.W.3d 405, 417 (Tex. App.—Houston [1st Dist.] 2017, no pet.). Massandra first appeared as plaintiff in the first amended petition, which alleged that Massandra was PAC Vineyards' successor-in-interest and Massandra was the owner and landlord of the apartment. For purposes of our jurisdictional analysis, we consider whether Massandra's amended petition affirmatively demonstrated standing. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012).

10

S.W.3d at 808. Aderemi does not contend that the alleged injury—the landlord's loss of possession of the apartment, whomever the landlord may be—was not concrete, particularized, and imminent; fairly traceable to her conduct; or likely to be redressed by any relief. *See id.*; *see also* TEX. PROP. CODE § 24.002(a)(1) (providing that "person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant . . . wilfully and without force holding over after the termination of the tenant's right of possession"); *Salazar v. HPA Tex. Sub 2016-1 LLC*, No. 01-19-00330-CV, 2020 WL 7702176, at *5 (Tex. App.—Houston [1st Dist.] Dec. 29, 2020, pet. denied) (mem. op.) (stating that owner and lessor have standing to bring eviction suit and that plaintiff's "status as a lessor/landlord demonstrates that it has a justiciable interest in the outcome of this proceeding"). We therefore consider only whether Massandra alleged that it was personally injured. *See In re Abbott*, 601 S.W.3d at 808.

We begin our jurisdictional analysis with the live pleadings, which we liberally construe in Massandra's favor. *See Heckman*, 369 S.W.3d at 150; *Miranda*, 133 S.W.3d at 226. Massandra first appeared as plaintiff in the amended petition filed in the justice court, alleging that it was the successor-in-interest to PAC Vineyards. *See Finley Res., Inc. v. Headington Royalty, Inc.*, 672 S.W.3d 332, 342 (Tex. 2023) (stating that "successor" "refers to rights and obligations transferred by merger, consolidation, or other legal succession") (citation omitted); *Broadway*

11

*Nat'l Bank, Tr. of Marty Frances Evers Tr. v. Yates Energy Corp.*, 631 S.W.3d 16, 25 n.5 (Tex. 2021) ("Corporations and other business entities do not have heirs, but they can have successors."). The amended petition also alleged that Massandra was the owner and landlord of the Vineyards apartment complex, Massandra entered into a lease agreement with Aderemi conveying to her possession of the apartment, the lease was terminated due to alleged lease violations, and Aderemi refused to surrender possession of the apartment.

These allegations affirmatively demonstrate that Massandra was personally injured by Aderemi's lease violations and refusal to return possession of the apartment upon demand. *See In re Abbott*, 601 S.W.3d at 808. Based solely on the allegations in the pleadings, Massandra was entitled to possession of the apartment because Massandra had a landlord-tenant relationship with Aderemi arising from a lease agreement, the lease was terminated due to alleged lease violations by Aderemi, and Aderemi refused to return possession of the apartment to Massandra. *See Salazar*, 2020 WL 7702176, at *5.

Aderemi did not produce any evidence in the county court to negate Massandra's jurisdictional allegations. *See Heckman*, 369 S.W.3d at 150 (stating that courts may review relevant evidence submitted by defendant to negate existence of jurisdictional facts alleged in pleadings). On appeal, however, Aderemi relies on the lease agreement, the lease-violation notices, and the eviction notice, and she

correctly argues that these documents show that Massandra was neither a party to the lease agreement nor the sender of the notices. Nevertheless, this evidence does not raise a fact issue on Massandra's standing to sue. *See Miranda*, 133 S.W.3d at 227–28.

We determine standing at the time suit is filed. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 n.9; *Rolle*, 527 S.W.3d at 417. The lease agreement was executed in October 2020 and became effective in November 2020. The three lease-violation notices were dated in April 2021 and May 2021, and the eviction notice was dated in June 2021. In sum, all the evidence Aderemi relies on is dated between October 2020 and June 2021, but Massandra did not file the amended petition until August 2021. Between June 2021 and August 2021, however, Massandra could have succeeded to PAC Vineyards' interests in the Vineyards apartment complex and become the owner and landlord. Thus, the evidence Aderemi relies on has no bearing on whether Massandra had standing when it filed the amended petition.[5]

---

[5]  Additionally, we note that it is well settled that whether an owner or landlord is a successor-in-interest to the original owner or landlord presents an issue of capacity to sue, not standing to sue. *E.g.*, *King-Mays v. Nationwide Mut. Ins. Co.*, 194 S.W.3d 143, 145 (Tex. App.—Dallas 2006, pet. denied) (stating that "challenge to privity is a capacity issue, not standing"); *Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams*, 875 S.W.2d 784, 786, 787 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (holding that whether plaintiff-landlord is successor-in-interest to original landlord is issue of capacity, not standing).

We therefore conclude that Massandra's live pleading affirmatively demonstrated Massandra had standing to sue, and the jurisdictional evidence does not negate Massandra's standing. *See id.* at 150; *Miranda*, 133 S.W.3d at 226, 227–28; *see also DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 305 (Tex. 2008) ("A plaintiff does not lack standing simply because he cannot prevail on the merits of his claim; he lacks standing because his claim of injury is too slight for a court to afford redress."); *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (stating that landlord-tenant relationship is not jurisdictional prerequisite to forcible detainer action). We therefore hold that Massandra had standing to bring the eviction suit.

We overrule Aderemi's issues to the extent they challenge standing.

## B. Right of Immediate Possession

To prove the merits of its forcible detainer claim and establish its entitlement to possession of the apartment, however, Massandra was required to produce evidence of its superior right to immediate possession.

### 1. Standard of Review and Governing Law

A forcible detainer action is designed to be a speedy, simple, and inexpensive means to determine the right of immediate possession of real property where there is no claim of unlawful entry. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Isaac*, 563 S.W.3d at 310. The only issue to be adjudicated is

14

the right of immediate possession of real property. TEX. R. CIV. P. 510.3(e); *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017); *Isaac*, 563 S.W.3d at 310.

In a forcible detainer action, the plaintiff bears the burden of proving its superior right to immediate possession by producing evidence showing that: (1) the plaintiff owns the property or has a landlord-tenant relationship with the defendant; (2) the defendant is either a tenant at will, a tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the defendant's right of possession; (3) the plaintiff gave proper notice to the defendant to vacate the premises; and (4) the defendant refused to vacate the premises. *Bradberry*, 526 S.W.3d at 478; *Isaac*, 563 S.W.3d at 310–11 (stating that proof of landlord-tenant relationship establishes basis for determining right of immediate possession). The plaintiff is not required to prove title to establish a right of possession; rather, the plaintiff is only required to show sufficient evidence of ownership to demonstrate a superior right of immediate possession. *Isaac*, 563 S.W.3d at 311.

In an appeal from a bench trial, the trial court's findings of fact have the same weight as a jury's verdict. *Hall v. Lewis*, 639 S.W.3d 197, 204 (Tex. App.—Houston [1st Dist.] 2021, no pet.). We therefore review the trial court's findings for legal and factual sufficiency using the same standards that we use to review a jury verdict. *Id.*

at 204–05. When a complete reporter's record exists, findings of fact are not binding unless they are supported by the evidence. *Id.* at 205.

When, as here, an appellant challenges the legal sufficiency of an adverse finding on an issue on which she did not have the burden of proof at trial, the appellant must demonstrate that no evidence supported the adverse finding. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011). We consider the evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005). We will sustain a no-evidence challenge if the record shows: (1) a complete absence of evidence of a vital fact; (2) the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; and (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810 (citation omitted).

### 2. Analysis

Aderemi's legal sufficiency arguments are the same as her standing arguments. That is, Aderemi argues that all the evidence shows her relevant dealings were with PAC Vineyards, not Massandra: she and PAC Vineyards were parties to the lease and PAC Vineyards sent the lease-violation and eviction notices. Aderemi

16

argues that Massandra produced no evidence proving that it actually succeeded to the interests of PAC Vineyards or was the owner or landlord of the apartment. We construe these arguments as a no-evidence challenge to Massandra's right to possession.

The final judgment awarded possession of the apartment to Massandra. The county court also entered findings of fact and conclusions of law.[6] Finding No. 1 stated that "the parties entered into a lease contract . . . that conveyed to [Aderemi] the right of possession" of the apartment. No other finding addressed Massandra's

---

[6]      In the findings of fact, the case style identified Massandra, as PAC Vineyards' successor-in-interest, as the plaintiff, but the body of the findings identified only PAC Vineyards as the plaintiff. In a subsequent appellate issue, Aderemi argues that the incorrect identification of PAC Vineyards as the plaintiff in the body of the findings further supports her no-evidence challenge to Massandra's right to possession. We disagree. "A misnomer occurs when a party misnames itself or another party, but the correct parties are involved." *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding) (per curiam). "A misnomer does not invalidate a judgment as between parties where the record and judgment together point out, with certainty, the persons and subject matter to be bound." *Chen v. Breckenridge Ests. Homeowners Ass'n, Inc.*, 227 S.W.3d 419, 420 (Tex. App.—Dallas 2007, no pet.). Here, Massandra filed the amended petition as plaintiff; Massandra appeared at trial, presented evidence, and questioned witnesses; and the judgment listed Massandra as plaintiff and awarded Massandra possession of the apartment. Furthermore, the county court adopted Massandra's proposed findings and conclusions as the court's findings and conclusions, which indicates that Massandra misnamed itself in the body of the findings. To the extent the findings in this case "are susceptible of different constructions, they will be construed, if possible, to be in harmony with the judgment and to support it." *See Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299, 301 (Tex. 1963); *Tex. Outfitters Ltd. v. Nicholson*, 534 S.W.3d 65, 74 (Tex. App.—San Antonio 2017), *aff'd*, 572 S.W.3d 647 (Tex. 2019). We therefore conclude that the misnomer in the findings does not invalidate either the findings or the judgment.

right to possession. Thus, we consider whether legally sufficient evidence supports Finding No. 1.

At trial, the county court admitted several documents into evidence, including the lease agreement, the notices of lease violations, and the eviction notice. The lease agreement identified the parties to the agreement as Aderemi and Preferred Apartment Advisors, LLC, as agent for PAC Vineyards. The lease does not mention Massandra. Furthermore, all the lease-violation notices and the eviction notice expressly state that they were sent on behalf of PAC Vineyards. The notices do not mention Massandra.

Nancy Hernandez, the assistant property manager of the apartment complex, testified at trial. The only testimony remotely concerning Massandra's right to possession was the following exchange between Massandra's counsel and Hernandez:

> Q. And just to be clear, the—the current entity that owns the Vineyards, it took over that property from another entity fairly recently, right?
>
> A. Yes, on July 19th.
>
> Q. Okay. And so it's fair to say y'all are the new management?
>
> A. Correct.

Hernandez did not identify the "current entity" that owns the Vineyards apartment complex.

18

To establish its claim of forcible detainer, Massandra was required to prove that it owned the apartment or had a landlord-tenant relationship with Aderemi. *See Bradberry*, 526 S.W.3d at 478; *Isaac*, 563 S.W.3d at 311. In the challenged Finding No. 1, the county court found that Massandra and Aderemi had entered into a lease agreement. The appellate record, however, reveals a complete absence of evidence that Massandra and Aderemi were parties to any lease agreement. *See City of Keller*, 168 S.W.3d at 810 (stating that reviewing court will sustain no-evidence challenge if record shows complete absence of evidence of vital fact); *cf. Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 30 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (concluding that original deed of trust, foreclosure sale deed, documents showing default of lease, and notice of eviction were legally sufficient evidence supporting finding that landlord-tenant relationship existed and, thus, landlord had superior right of immediate possession). Accordingly, we conclude that no evidence supports Finding No. 1 that Massandra and Aderemi entered into a lease agreement.

Massandra argues on appeal that Aderemi failed to raise the issue of whether Massandra was successor-in-interest to PAC Vineyards. However, Massandra bore the burden to prove the elements of its forcible-detainer claim, including that it either owned the apartment or had a landlord-tenant relationship with Aderemi. *See Bradberry*, 526 S.W.3d at 478; *Isaac*, 563 S.W.3d at 310–11. Aderemi was not required to object to the sufficiency of the evidence supporting the elements of

Massandra's claim to preserve her sufficiency challenge for appellate review. *See* TEX. R. APP. P. 33.1(d) ("In a civil nonjury case, a complaint regarding the legal or factual insufficiency of the evidence . . . may be made for the first time on appeal in the complaining party's brief."); *accord Superbash 2017, LLC v. Fun Fest Ent.*, 634 S.W.3d 471, 477 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (stating that legal insufficiency challenge "falls within an exception to the usual preservation-of-error requirements").

Massandra also argues on appeal that its employee testified that Massandra was the successor-in-interest to PAC Vineyards. But the county court did not find that Massandra was PAC Vineyards' successor-in-interest; rather, it found that Massandra was a party to a lease agreement, and this finding served as the basis for concluding that Massandra was entitled to possession. Additionally, Massandra does not cite any part of the appellate record supporting this argument. *See* TEX. R. APP. P. 38.1(i) (stating that appellate brief must contain clear and concise argument with appropriate citations to authorities and to record). Presumably, Massandra's "employee" refers to Hernandez.[7] As discussed above, however, Hernandez did not

---

[7]     Massandra's appellate brief does not mention Hernandez. At trial, Hernandez was the only witness to testify other than Aderemi, and Hernandez testified that she was the assistant property manager at the Vineyards complex. Hernandez was not asked to identify her employer. Although the record does not indicate that Hernandez was Massandra's employee, for purposes of our analysis, we will assume without deciding that Massandra's "employee" refers to Hernandez.

identify "the current entity that owns the Vineyards." Therefore, we disagree with Massandra that Hernandez's testimony supported Finding No. 1.

We note that the county court pointed out this issue several times at trial, thereby providing Massandra with several opportunities to prove its right of possession. For example, the judge mentioned potential pleading issues and noted that Aderemi had objected "to the party." Massandra's counsel responded that "the Vineyards [apartment complex] [is] currently owned by Massandra," but argument of counsel is not evidence. *See Fallon v. MD Anderson Physicians Network*, 586 S.W.3d 58, 75 (Tex. App.—Houston [1st Dist.] 2019, pet. denied).

We hold that the evidence is legally insufficient to support the county court's Finding No. 1 that Massandra and Aderemi were parties to a lease agreement. Therefore, no evidence establishes that Massandra had any right to possession of the apartment. *See Isaac*, 563 S.W.3d at 310 (stating that "the only issue to be adjudicated [in forcible-detainer action] is the right to actual possession"). We sustain Aderemi's issues concerning the legal sufficiency of the evidence supporting Massandra's right to possession.

### Mandamus

On July 15, 2022—after the county court entered judgment awarding possession to Massandra, and after Aderemi posted a supersedeas bond, deposited funds into the court's registry, and perfected her appeal to this Court—the county

court signed an order directing the county clerk "to issue a writ of possession in conformity with the final judgment in this case." The same day this order was signed, Aderemi filed an emergency petition for writ of mandamus requesting that this Court "stay the execution of a Writ of Possession granted by the Trial Court." Pending resolution of her mandamus petition, this Court issued two temporary orders staying enforcement of the county court's order and execution of a writ of possession. *See* TEX. R. APP. P. 24.4(c) ("The appellate court may issue any temporary orders necessary to preserve the parties' rights."); TEX. R. APP. P. 52.10(b) (authorizing appellate court to "grant any just relief pending the court's action" on petition in original appellate proceeding).

As discussed below, we conclude that Aderemi's petition for writ of mandamus has become moot following our resolution of her direct appeal. We therefore do not consider the merits of her mandamus petition. *See In re J.J.R.S.*, 627 S.W.3d 211, 225 (Tex. 2021) ("Any ruling on the merits of a moot issue constitutes an advisory opinion, which we lack jurisdiction to issue.").

Mootness occurs if the relief requested will not "affect the parties' rights or interests." *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (quoting *Heckman*, 369 S.W.3d at 162). A case can become moot at any time, including on appeal. *Id.* When a case becomes moot, the court loses jurisdiction over the case because any decision would constitute an impermissible advisory opinion. *Id.*

22

However, an entire case "is not rendered moot simply because some of the issues become moot during the appellate process." *Id.* (quoting *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding)). If only some issues become moot, the case remains live as to other issues that are not moot. *Id.*

Here, we have already resolved Aderemi's direct appeal in her favor, resulting in reversal of the county court's judgment. Upon reversal, the county court's judgment becomes a nullity and unenforceable, and this Court's judgment becomes the judgment of both courts. *See Phillips v. Bramlett*, 407 S.W.3d 229, 240 (Tex. 2013); *Bramlett v. Phillips*, 359 S.W.3d 304, 310 (Tex. App.—Amarillo 2012), *aff'd*, 407 S.W.3d 229 (Tex. 2013).

The county court's order directed the county clerk to issue a writ of possession "in conformity with the final judgment," and our judgment awards possession to Aderemi. Thus, Aderemi—and only Aderemi—would be entitled to a writ of possession "in conformity with the final judgment." Rule of Civil Procedure 510.8, however, only authorizes a prevailing plaintiff in an eviction case to obtain a writ of possession; a prevailing defendant is not entitled to a writ of possession. *See* TEX. R. CIV. P. 510.8(b)–(d). Because neither Massandra—as the non-prevailing party—nor Aderemi—as the defendant in the county court—may obtain a writ of possession in the eviction case, any decision from this Court granting or denying mandamus relief to stay execution of the writ of possession would not affect the parties' rights or

interests. *See Harper*, 562 S.W.3d at 6. In light of our decision in Aderemi's direct appeal, we vacate the county court's July 15, 2022 order directing issuance of a writ of possession.

Accordingly, without regard to the merits, we hold that Aderemi's petition for writ of mandamus is moot, and we therefore dismiss it for want of jurisdiction. We lift our prior stay orders. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").

**Conclusion**

We reverse the county court's judgment and render judgment that Aderemi is entitled to possession of the subject apartment. We dismiss the petition for writ of mandamus for want of jurisdiction. We release and discharge the supersedeas bond and order that all funds deposited by Aderemi with the county court to suspend enforcement of the county court's judgment be released to Aderemi.


April L. Farris
Justice

Panel consists of Justices Kelly, Landau, and Farris.