## PETERS BROS., Inc., v. CHARLES F. WILLIAMS CO.

### No. 14261.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 5, 1941.

Rehearing Denied Oct. 17, 1941.

Slay & Simon, of Fort Worth, for appellant.

Julien C. Hyer, of Fort Sam Houston, for appellee.

SPEER, Justice.

This appeal involves a suit which originated in the justice court, wherein Charles F. Williams Company, a corporation, sued Peters Brothers, Incorporated, to recover a balance alleged to be due for laying a tile floor.

Plaintiff recovered judgment in the justice court but appealed to the County Court at Law No. 2 of Tarrant County, Texas, because of insufficient relief awarded.

Upon trial de novo, a jury verdict on special issues was had, upon which judgment was entered for plaintiff in the sum of $185.90. The amount was made up of $165.90 due on contract and $20 attorney's fees. From this judgment Peters Brothers, Incorporated (defendant), has appealed.

Three assigned errors are relied upon for reversal. They will be disposed of in the order presented.

First assignment complains because the trial court refused to give a summary instruction in its favor. It argues that plaintiff's cause of action was based upon a contract for payment of $356 for the completed job; that payments were admitted by plaintiff reducing the balance to $165.90; that there was no evidence adduced to support plaintiff's contention that the parties had made such a contract.

A consideration of this alleged error involves the pleadings of the parties. There

were no written pleadings as disclosed by the record. In the statement of facts we find transcribed statements made by the attorneys before the introduction of any testimony. Plaintiff's counsel stated to the jury the nature of plaintiff's claim. He said in effect that on about July 20, 1938 defendant entered into a contract with plaintiff to lay a tile floor in defendant's building and that defendant obligated itself to pay plaintiff $356 therefor; that plaintiff completed the contract and rendered to defendant a bill for the amount; that at designated intervals thereafter, defendant made seven payments thereon, giving the amounts paid each time and that after allowing said credits, $165.90 remained unpaid; he stated that demand for payment of the remainder had been made more than thirty days before filing suit and therefore plaintiff was entitled to recover the amount due together with a reasonable attorney's fee, claimed to be $20. He said plaintiff prayed for judgment for its debt, attorney's fees, costs and all other relief to which plaintiff was entitled.

Defendant's counsel, addressing the jury, stated that defendant plead a general denial and specially that no contract was made between the parties by which defendant would pay to plaintiff $356 for laying the tile floor but that plaintiff contracted to lay the floor at 21 cents per square foot, and defendant was to pay when he was financially able.

Mr. Williams testified for the plaintiff to the effect that when asked by Peters what the job would cost, he told Peters that it depended upon the nature of the tile selected. That after it was selected he told Peters the cost would be 27 cents per square foot. That Peters agreed to the price and witness measured the space to be covered and ordered the material. That it required 1320 square feet of tile to cover the floor; the tile was laid and a bill for $356 was presented for payment; that this was the amount due for the area covered at the price per square foot agreed upon. That Peters accepted the job and expressed himself as being well pleased. That he made seven payments, naming the amounts and dates on which they were paid. That after the credits were allowed $165.90 remained unpaid. On cross-examination Williams said that he could not say that he told Peters before the work was finished that the total bill would be $356.

Mr. Peters testified for defendant and said in effect that Williams told him the job would cost him 21 cents per square foot; he said the work was satisfactory and that he received the bill from plaintiff and made payments thereon as often as he was able. Much of his testimony is devoted to the contention that he was to pay for the work when he was financially able to do so. Mr. Sweeney testified that he was the contractor who repaired other parts of defendant's building and at Peters' request measured the tile floor, installed by plaintiff, and that there were 1107.61 feet in it.

In response to special issues the jury found: (1) There was no agreement between the parties that Peters was to pay for the work when he was able to do so. (2) 1320 square feet of tile were reasonably necessary to complete the job. And (3) the agreement between the parties was that defendant would pay plaintiff 27 cents per square foot for laying the tile.

It is argued by defendant that the effect of plaintiff's recovery was upon quantum meruit and not for a specified contract price, and that there were no pleadings upon which such a judgment could be rendered; therefore it was entitled to an instructed verdict.

█ It is fair to assume that the oral statements made by the respective attorneys to the jury constituted at least a part of their pleadings. But the general statement by plaintiff that defendant obligated itself to pay plaintiff $356 to lay the tile floor, while perhaps a conclusion of the pleader, did not preclude plaintiff from giving his version of the facts as to how he arrived at the amount owing for a completion of the contract. As above indicated, it appears that the only substantial difference between the parties upon the trial was (a) as to the amount per square foot to be paid, and (b) the number of square feet to be covered. The case was tried upon these issues together with the contention of defendant that it should not be required to pay until financially able to do so. Each of these controverted issues were found by the jury against the defendant. There is ample testimony to support the verdict.

█ Even in a justice court there must be pleadings, but they are oral and often, as in this case, it is difficult for an appellate court to know what was pleaded. The trial court heard the pleadings and admitted the

testimony which brought about the verdict and judgment here complained of. Indeed no objection was made by defendant to that part of the testimony upon which the verdict was based. Apparently the case was tried upon the theory presented by the special issues.

The recognized law in this state is that the same strict rule of pleadings required in courts of record does not apply in justice courts. If it can be ascertained from the statements made what right the plaintiff asserts, or what defense the defendant interposes, this is sufficient. 26 Tex. Jur., p. 840, sec. 50. The same principle was restated by the Supreme Court in Simmonds et al. v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332, 335. We overrule the assignment of error in which it is claimed an instructed verdict should have been returned.

Second assignment complains of the submission of the second special issue which inquired of the jury as to how many square feet of tile were reasonably necessary for the completion of the job. The defendant's statement of its defense made to the jury, and its testimony in support thereof, clearly raised the issue and it was proper for the court to have the jury determine it. Defendant's testimony showed that there were only 1107.61 square feet while plaintiff testified there were 1320. The jury's answer was as plaintiff contended. Likewise defendant claimed it agreed to pay only 21 cents per square foot while plaintiff contended that 27 cents was the agreed price. The jury found in response to special issue 3 that the contract called for 27 cents. We see no merit in the assigned error and it is overruled.

The third assignment of error is in part a restatement of the contention made in the first assignment above mentioned, and incorporated therein is a complaint that the court erred in refusing to submit its requested issue No. 2. What we have already said disposes of that part of this assignment which complains that the court should not have so construed the contract sued on to entitle plaintiff to prove and recover upon issues not embraced in its pleadings. The other part of the assignment (improperly included therein) presents no reversible error. The refused requested issue reads: "From a preponderance of the evidence, how many square feet of asphalt tile do you find to have been actually laid by the Charles F. Williams Company on the floor of the place

of business of Peters Bros., Inc?" The court submitted substantially the same question by Special Issue 2, referred to above, and the jury answered it against defendant's contention.

We conclude that no reversible error is disclosed by this record, and the judgment of the trial court is affirmed.