

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00328-CV

**BRAZOS VALLEY ROADRUNNERS, LLC,**

**Appellant**

**v.**

**JULIO HERRERA,**

**Appellee**

### From the County Court at Law No. 1
### Brazos County, Texas
### Trial Court No. 6179-B

## O P I N I O N

In this appeal, Brazos Valley Roadrunners, LLC, (BVR) challenges the county court at law's award of attorney's fees to Julio Herrera in BVR's appeal from a justice court's hearing conducted pursuant to the Texas Towing and Booting Act. *See* TEX. OCC. CODE ANN. § 2308.452. We affirm as modified.

## Background

In May 2020, BVR towed a vehicle that had been parked by Herrera in the Coyote Parking Lot, which is owned and operated by Dixie Chicken, Inc., in College Station, Texas. Herrera thereafter requested a hearing pursuant to section 2308.452 of the Texas Occupations Code (a 452 hearing). *See id.* §§ 2308.452, .456. After the 452 hearing, BVR appealed to the county court at law from the justice court's adverse award.

Once the matter was in the county court at law, Herrera hired an attorney who filed an appearance on Herrera's behalf. When the county court at law conducted its trial *de novo* in December 2020, Herrera's attorney requested an award of attorney's fees. BVR objected to an award of attorney's fees to Herrera, arguing that there was no pleading to support such an award. Herrera argued, in turn, that no such pleading was required. At the conclusion of the trial, the parties agreed with the county court at law's proposal to postpone a final ruling in the matter until other similar appeals were decided.[1]

In June 2023, the county court at law notified counsel that this case was still pending on the county court at law's docket. BVR filed a motion to dismiss for want of prosecution, and Herrera filed a motion to enter judgment. In July 2023, a hearing was held on both parties' motions. The county court at law then signed and entered its

---

[1] The following cases were pending with this Court in December 2020: *Brazos Valley Roadrunners, LP v. Lee*, No. 10-19-00251-CV, 2021 WL 3191954 (Tex. App.—Waco July 28, 2021, no pet.) (mem. op.); *Brazos Valley Roadrunners, L.P. v. Cichy*, No. 10-19-00424-CV, 2021 WL 3191917 (Tex. App.—Waco July 28, 2021, no pet.) (mem. op.); and *Brazos Valley Roadrunners, LLC v. Niles*, No. 10-21-00278-CV, 2022 WL 1789978 (Tex. App.—Waco June 1, 2022, no pet.) (mem. op.).

judgment on July 28, 2023, which included an award of $1,390.50 in attorney's fees to Herrera.

## Issue One

In its first issue, BVR contends the trial court erred in rendering judgment for attorney's fees in the absence of supporting pleadings or an exception to the pleading requirement.

AUTHORITY

Section 2308.452 of the Occupations Code provides: "The owner or operator of a vehicle that has been removed and placed in a vehicle storage facility . . . without the consent of the owner or operator of the vehicle is entitled to a hearing on whether probable cause existed for the removal and placement . . . ." TEX. OCC. CODE ANN. § 2308.452. For the owner or operator of the vehicle to avail himself of his right to such a 452 hearing, he "must deliver a written request for the hearing to the court before the 14th day after the date the vehicle was removed and placed in the vehicle storage facility . . . excluding Saturdays, Sundays, and legal holidays." *Id*. § 2308.456(a). The request for the 452 hearing by the owner or operator must contain:

(1) the name, address, and telephone number of the owner or operator of the vehicle;

(2) the location from which the vehicle was removed . . . ;

(3) the date when the vehicle was removed . . . ;

(4) the name, address, and telephone number of the person or law enforcement agency that authorized the removal . . . ;

(5) the name, address, and telephone number of the vehicle storage facility in which the vehicle was placed;

(6) the name, address, and telephone number of the towing company that removed the vehicle . . . ;

(7) a copy of any receipt or notification that the owner or operator received from the towing company . . . or the vehicle storage facility; and

(8) if the vehicle was removed from . . . a parking facility:

(A) one or more photographs that show the location and text of any sign posted at the facility restricting parking of vehicles; or

(B) a statement that no sign restricting parking was posted at the parking facility.

*Id*. § 2308.456(b). The 452 hearing shall be in any justice court in the county from which the motor vehicle was towed. *Id*. § 2308.453.

Subsection 2308.458(c) limits the issues at a 452 hearing to (1) whether probable cause existed for the removal and placement of the vehicle and (2) whether a towing charge imposed or collected in connection with the removal or placement of the vehicle was greater than the amount authorized by the applicable statute. *See id*. § 2308.458(c). Subsection 2308.458(e) provides that the court may award (1) court costs and attorney's fees to the prevailing party, (2) the reasonable cost of photographs submitted under section 2308.456(b)(8) to a vehicle owner or operator who is the prevailing party, (3) an amount equal to the amount that the towing charge and associated parking fees exceeded

fees regulated by a political subdivision or authorized by this code or by chapter 2303, and (4) reimbursement of fees paid for vehicle towing or storage. *See id.* § 2308.458(e). The former two of the four authorized awards above are available to only the "prevailing party" under subsections 2308.458(e)(1) and (2), and the latter two awards are mandatory under subsections 2308.451(b) and (c-1). *See id.* §§ 2308.451(b), .451(c-1), .458(e)(1), .458(e)(2).

Section 2308.459 of the Occupations Code provides that an appeal from a 452 hearing "is governed by the rules of procedure applicable to civil cases in justice court, except that no appeal bond may be required by the court." *See id.* § 2308.459.

DISCUSSION

BVR argues that rule 301 of the Texas Rules of Civil Procedure requires that the judgment must conform to the pleadings and that the pleading requirement applies to any discretionary request for attorney's fees.

BVR directs us to authority that requires a pleading requesting attorney's fees when a statute provides that a court "may" award attorney's fees. BVR relies on *Good v. Baker*, 339 S.W.3d 260 (Tex. App.—Texarkana 2011, pet. denied), which held that in order to award attorney's fees under the Texas Open Meetings Act or the Uniform Declaratory Judgments Act, the parties were required to file an affirmative pleading requesting them. *Id.* at 266. BVR also relies on *City of Sherman v. Henry*, 928 S.W.2d 464 (Tex. 1996), which dealt with the permissive award of attorney's fees in an appeal from a civil service

determination. *Id.* at 474; *see* TEX. LOC. GOV'T CODE ANN. § 143.015(c). BVR further relies on *Bruni v. Bruni*, 924 S.W.2d 366 (Tex. 1996), which dealt with the trial court's discretion to award attorney's fees in a suit affecting the parent-child relationship under former section 11.18(a) of the Texas Family Code before it was recodified. *Id.* at 368; *see* TEX. FAM. CODE ANN. §§ 106.001–.002.

However, because this matter was an appeal from the justice court, section 2308.459 of the Occupations Code required that the rules of procedure applicable to civil cases in justice court applied to the trial *de novo* in the county court at law. *See* TEX. OCC. CODE ANN. § 2308.459; *see also Manderscheid v. Laz Parking of Tex., LLC*, 506 S.W.3d 521, 527 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). There is no requirement that the judgment conform to the pleadings under rule 505.1 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 505.1. And rule 502.1 of the Texas Rules of Civil Procedure provides that pleadings should be in writing but excepts oral motions made during trial or when all parties are present. *See id.* R. 502.1. Here, Herrera made an oral request during the trial *de novo* in the county court at law for an award of attorney's fees. The strict rules of pleading required in courts of record do not apply in justice court. *See Peters Bros. v. Charles F. Williams Co.*, 154 S.W.2d 667, 669 (Tex. App.—Fort Worth 1941, no writ).

We conclude a written pleading affirmatively requesting attorney's fees was not required because the rules of civil procedure applicable to civil cases in justice court did not require it.

We overrule BVR's first issue.

## Issue Two

In its second issue, BVR contends the trial court erred in awarding attorney's fees in an amount not supported by the evidence admitted at trial.

AUTHORITY

A trial court's award of attorney's fees will not be disturbed absent an abuse of discretion. *See Cole Chem. & Distrib., Inc. v. Gowing*, 228 S.W.3d 684, 689 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court does not abuse its discretion if some evidence reasonably supports the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

"When reviewing a trial court's award of attorneys' fees, we must ensure the record contains sufficient evidence to support such an award." *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020). If there is insufficient evidence in the record to uphold the trial court's award of those fees, we must reverse. *Id.*

But attorney's fees may be proven as a matter of law when there is testimony that is not contradicted by any other witness or attendant circumstances and is free from contradiction, inaccuracies, and circumstances tending to cast suspicion on the evidence, especially when the opposing party had the means and opportunity of disproving the

testimony and failed to do so. *Hernandez v. Lautensack*, 201 S.W.3d 771, 778 (Tex. App.—

Fort Worth 2006, pet. denied).

DISCUSSION

Counsel for Herrera testified that he charged a flat fee of $750, which counsel

believed to be a reasonable fee. There was no cross-examination or testimony

controverting that the $750 flat fee was unreasonable. However, the judgment signed by

the trial court awarded $1,390.50 in attorney's fees to Herrera. Based upon the record

before us, we conclude the evidence was insufficient to support the award of attorney's

fees in the amount of $1,390.50. Because the testimony of attorney's fees is clear, direct,

and positive and not contradicted, we, in the interest of judicial economy, modify the

judgment in favor of Herrera for attorney's fees in the amount of $750. *See Ragsdale v.*

*Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (per curiam).

We sustain BVR's second issue.

**Conclusion**

The trial court's judgment is affirmed as modified.

MATT JOHNSON
Chief Justice

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Davis[2]
Affirmed as modified
Opinion delivered and filed January 23, 2025
[CV06]



---

[2] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.